## APPEAL OF PITTSB. & A. DROVE YARD CO.

### FROM THE DECREE OF THE COURT OF COMMON PLEAS NO. 1 OF ALLEGHENY COUNTY.

Argued October 26, 1888—Decided January 7, 1889.

(a) A tenant, holding over after the term under a lease for five years "with leave of renewal for five years," filed a bill in equity to restrain his landlord from proceeding to obtain possession and for a decree requiring the execution of a renewal lease:

1. There being an adequate remedy at law, in such case, equity will not entertain jurisdiction, and, even though the objection be not raised, this court, to prevent the use of the case as a precedent, will dismiss the bill without prejudice to the right of the tenant to defend at law.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK, WILLIAMS and HAND, JJ.

No. 155 October Term 1888, Sup. Ct.; court below, No. 607 March Term 1888, C. P. No. 1.

On February 25, 1888, the Pittsburgh & Allegheny Drove Yard Co. filed a bill in equity against Robert Woodside, and Daniel Taylor, and others, executors of William Woodside, deceased. The bill averred that the plaintiff was a corporation, etc.; that on April 1, 1882, Robert Woodside and William Woodside, being the owners of certain real estate, leased the same for five years from said date, " with leave of renewal for five years," to Omslaer & Walker, who entered and continued in possession, and on October 6, 1884, assigned the lease to the plaintiff, " with all the rights and privileges therein granted;" that plaintiff, as assignee of said lease, had at all times faithfully performed the covenants therein, and, intending a renewal of said lease for another term of five years from and after April 1, 1887, had continued thereafter to occupy the premises; that not until on or about July 1, 1887, when plaintiff tendered the quarterly rent then payable, did the plaintiff receive any notice that the lessors desired to repossess themselves of the demised premises, and plaintiff then formally notified the defendants in writing of its intention to renew said lease for a

further term of five years; that the defendants threatened to eject the plaintiff, and refused to renew said lease. The prayers of the bill were, (1) that the defendants be enjoined from ejecting the plaintiffs, and, (2) that they be ordered and decreed to renew the lease for another term of five years.

The answer of defendants, filed on May 11, 1888, in so far as the averments of the bill were not denied, set forth that no notice was given by the plaintiff until July 11, 1887, that it intended to avail itself of the leave of renewal; that the defendants, previously, on June 30, 1887, had given notice to the lessees to quit possession of the premises within three months.

The cause was set down for hearing on bill and answer, and on June 27, 1888, the court, STOWE, P. J., without opinion filed, signed a decree dismissing the bill at the costs of the plaintiff.

Thereupon the plaintiff took this appeal assigning said decree as error.

*Mr. Johns McCleave*, for the appellant:

[Upon the question whether the law devolved upon the tenant the duty of making his election to renew within the first five years, or whether his continuance in possession was a sufficient notice of his choice to take the additional term, the counsel cited: Commonwealth v. McNeile, 8 Phila. 439; Clark v. Merrill, 51 N. H. 415; Kelso v. Kelly, 1 Daly 424; Delasham v. Berry, 20 Mich. 292; Kramer v. Cook, 7 Gray 550; Holley v. Young, 68 Me. 215 (28 Amer. R. 40); Creighton v. McKee, 7 Phila. 324; s. c. 2 Brewst. 383; Lang v. Stafford, 103 N. Y. 274; Vetter's App., 99 Pa. 52; Terstegge v. German Soc., 92 Ind. 82 (47 Amer. R. 135); Montgomery v. Board of Com., 76 Ind. 362 (40 Amer. R. 250); Banks v. Haskie, 45 Md. 207; Goodright v. Richardson, 3 Term R. 462; Ferguson v. Cornish, 2 Burr. 1032. The question of jurisdiction was not noticed.]

*Mr. W. B. Rodgers*, for the appellees:

[Counsel cited, in his reply to the questions raised: Laguerenne v. Dougherty, 35 Pa. 45; 2 Lead. Cas. Amer. Law of R. P., Sharswood & Budd, 194.]

OPINION, MR. JUSTICE PAXSON:

The appellants are the tenants in possession of certain prem-

Opinion of the Court.

ises in Allegheny county. The lease under which they hold is for five years, " with leave of renewal " for five years longer. When the first five years expired appellants continued to occupy said premises, and claim that under the lease they are entitled to do so for the second period of five years. No formal renewal of the lease took place, nor did the appellants notify the lessors, at or prior to the termination of the first five years, of their intention to hold for the second period of five years.

This bill was filed by the appellants to enjoin the lessors from proceeding to eject them from the premises. In other words, the tenants ask a court of equity to restrain their landlords from proceeding under the act of assembly, in such case made and provided, to recover the possession of the demised premises. The court below dismissed the bill, but for what reason does not appear. We must assume that it was upon the merits. We agree that the bill should be dismissed; not upon the merits, however, for we have not considered them, but upon the single ground of want of jurisdiction. It is true the defendants below did not demur, as they might have done, nor have they raised the objection here. We may regard them as consenting to the jurisdiction. We do not consent, however. If we let it pass it may mislead others and be cited to us as a precedent.

There is nothing to take this case out of the ordinary rule of landlord and tenant. The tenant remains in possession under an allegation that by the terms of his lease he is entitled to the possession for five years longer. There is not only an adequate remedy at law for this, but there is a specific remedy given by statute. Under the act of 1806 that remedy must be pursued. It is true there is a prayer in the bill that the defendants " be ordered to renew the said lease for another term of five years." This, however, does not affect the case in any way. Under the landlord and tenant act the rights of the tenant are fully guarded. If a court of equity would decree a renewal of the lease, a court of law will allow the tenants to remain in possession. It would be well for the bar to remember that we have not here, as they have in England, general chancery powers. Our jurisdiction is limited by statute.

We have before been compelled to dismiss bills of our own motion. We always regret to do so where parties have been heard and expenses incurred; but to permit a bill to be filed

in an ordinary landlord and tenant case is too wide a departure. This bill is dismissed without prejudice.

> Decree affirmed, and appeal dismissed at the costs of the appellants.

Argued October 26, 1888—Decided January 7, 1889.