## Liggett, Appellant, *v.* Kaufmann.

*Landlord and tenant—Construction of lease—Privilege of re-renting—Previous leases—Options.*

Where premises are rented by testamentary trustees for a term of years, and it appears that the testatrix in her lifetime had executed two leases for the same premises to the same lessees for a term of years with the privilege in the lessees and their assigns to re-rent the premises for five years and if they should exercise this privilege of re-renting they were then to have the privilege of re-renting for an additional five-year term, and it further appears that the trustees in their lease, after reciting ipsissimis verbis the privileges granted by the leases executed by the testatrix, provided that whereas the lessees had given the trustees notice of their "option" to extend the term for the first five-year period and desired to "provide for and obtain the right of further options for the extension of said lease before the expiration of said two periods, so that they may have at the expiration of the second of said periods an extension of the said leases for five years thereafter and for the extension after that period, of said leases for another period of four years, . . . . the parties hereto, . . . . agree to such extensions upon the exercise of like options upon the same terms as expressed within said leases with regard to the two options therein provided for," the lessees take an absolute right or privilege of re-renting under the lease from the trustees and not a mere option.

Argued Nov. 1, 1910. Appeal, No. 42, Oct. T., 1910, by plaintiff, from decree of C. P. No. 4, Allegheny Co., First T., 1908, No. 344, declaring valid a certain agreement in case of Frank R. Liggett, trustee, etc., v. Henry Kaufmann, Isaac Kaufmann and Morris Kaufmann, partners doing business as Kaufmann Bros. Before BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Alternative bill in equity to declare an option to renew a lease void or else to determine the rental thereunder. Before SWEARINGEN, P. J.

Sarah L. Hitchcock, the owner of certain property in the city of Pittsburg, leased a certain part of said property in 1885 to Jacob Kaufmann, Henry Kaufmann,

Isaac Kaufmann and Morris Kaufmann, partners trading as Kaufmann Bros., and leased the remainder of the property to the said lessees by lease dated July 29, 1889. Both of these leases expired April 1, 1898, but contained options for renewing the same for two additional terms for five years each under a rental to be fixed by arbitrators, both of which options were accepted by the lessees, who erected a building for department store purposes and, under the leases and the renewals, continued to occupy the building until April 1, 1908. Sarah L. Hitchcock died April 15, 1892, and by her last will and testament Marcus A. Woodward and John Liggett were appointed executors and trustees, both of whom died, and Frank R. Liggett became their successor and sole trustee. On November 20, 1897, an agreement was executed between John Liggett and Marcus A. Woodward trustees of the first part, and Jacob Kaufmann, Isaac Kaufmann, Morris Kaufmann and Henry Kaufmann, partners doing business under the name of Kaufmann Bros., of the second part, giving to the second parties further options for the renewals of the leases for two additional terms; Jacob Kaufmann, one of the partners, died on November 1, 1905, at which time the option under the last lease had not been accepted. The plaintiff filed a bill in equity averring that the three surviving partners had formed a new firm and claimed the right to renew the leases and had declared their intention to hold the premises. The bill prayed that the option in question be declared void and be ordered given up for cancellation, or, if the option should be declared valid, that the court should determine the rental thereunder. The court filed a decree holding that the defendants had a right to renew the lease and fixing the rental at $90,000 per annum.

*Error assigned* was in dismissing exceptions to the decree.

*John M. Freeman,* with him *Harry F. Stambaugh* and *D. T. Watson,* for appellant.—An option to renew a lease

given to certain specified individuals as partners cannot be exercised by the survivors: Winton's Appeal, 111 Pa. 387; Howell v. Behler, 41 W. Va. 610 (24 S. E. Repr. 646); Buchanan v. Whitman, 76 Hun 67 (27 N. Y. Supp. 604); s. c. 151 N. Y. 253 (45 N. E. Repr. 556); James v. Pope, 19 N. Y. 324; Tweedie v. Olson Hardware & Furn. Co., 96 Minn. 238 (104 N. W. Repr. 895, 1089); Finch v. Underwood, L. R. 2 Ch. Div. 310.

The option to renew was personal to the four Kaufmanns, did not pass to the survivors, and terminated on the death of Jacob Kaufmann: Elder v. Robinson, 19 Pa. 364; Menger v. Ward, 87 Texas, 622 (30 S. W. Repr. 853); Rease v. Kittle, 56 W. Va. 269 (49 S. E. Repr. 150); Dyer v. Duffy, 39 W. Va. 148 (19 S. E. Repr. 540), 24 L. R. A. 339; Arkansas Val. Smelting Co. v. Belden Min. Co., 127 U. S. 379 (8 Sup. Ct. Repr. 1308); Delaware County Com'rs v. Diebold Safe & Lock Co., 133 U. S. 473 (10 Sup. Ct. Repr. 399); Lyon & Co. v. Plum, 75 N. J. Law, 883 (69 Atl. Repr. 209).

*W. B. Rodgers* and *A. M. Beitler*, with them *J. Rodgers McCreery* and *Samuel Dickson*, for appellees.—After the death of Jacob Kaufmann his former and surviving partners became vested with the title to the leases and rights of renewals and were and are entitled to sell or dispose of the same for the benefit of the dissolved firm: Oram v. Rothermel, 98 Pa. 300; Shipe's Appeal, 114 Pa. 205; Eaton's Appeal, 66 Pa. 483; Roe v. Hayley, 12 East, 464; Johnson's Appeal, 115 Pa. 129; Betts v. June, 51 N. Y. 274; Blount v. Connolly, 110 Mo. App. 603 (85 S. W. Repr. 605).

OPINION BY MR. JUSTICE BROWN, April 17, 1911:

In determining whether the appellees have the right to continue in the occupancy of the premises in question for a period of five years from April 1, 1908—the date of the expiration of the lease executed to them by John Liggett and M. A. Woodward, trustees of the estate of Sarah L.

Hitchcock, deceased—the two leases executed by her must be taken into consideration, for in the lease by the trustees, under which the appellees claim the right to re-rent, material references are made to those executed by her.   In each of them the lessees were Jacob Kaufmann, Isaac Kaufmann, Morris Kaufmann and Henry Kaufmann, partners doing business in the name of J. Kaufmann & Bros. and the privilege granted, not only to them, but to "their assigns," was to re-rent the premises for a period of five years from April 1, 1898, at a rental to be fixed as provided for in the lease, and a further covenant on the part of the lessor was that, if the lessees should exercise the privilege of re-renting for the said period of five years, they were to have the privilege of re-renting for an additional term of five years.   In the lease executed by the trustees on November 20, 1897, to the same lessees, the privileges granted to them or "their assigns" by Mrs. Hitchcock of rerenting the premises are recited ipsissimis verbis, and, after such recital, there is the following clause upon which the appellees stand in asserting their right to an extension of the term: "And whereas the said parties of the second part have, pursuant to the said terms of the said lease, given notice to the said trustees, parties of the first part hereto, of their option to extend the term of the lease for the said first period of five years running from April 1, 1898, and it is desired by the said parties of the second part for the better security for the future of their business interests where the same is at the present located, to provide for and obtain the right of further options for the extension of said leases before the expiration of said two periods, so that they may have at the expiration of the second of said periods an extension of the said leases for five years thereafter and for the extension after that period, of said leases for another period of four years, and the parties of the first part deeming the grant of such option as of advantage to the estate of Sarah L. Hitchcock, the parties hereto, therefore, in consideration of the premises agree to such extension upon

the exercise of like options upon the same terms as expressed within said leases with regard to the two options therein provided for, that is to say, the parties of the first part hereby agree to and with the said parties of the second part that they shall have and may exercise the same privileges under the same terms and conditions for a renewal of said leases for a period of five years from April 1, 1908, and also exercise the same privilege for another renewal of said leases for a further term of four years from the 1st day of April, 1913, the rentals to be fixed as provided by the provisions for renewals as aforesaid in said leases by mutual agreement or by arbitrators, it being understood that on failure to exercise any of the said options within the time and according to the terms of said leases, as aforesaid, the leases terminate with the term in which notice of such option is to be given according to the terms thereof."

Jacob Kaufmann, one of the parties to the agreement with the trustees, died November 1, 1905, during the second extension of the term acquired under the lease from Mrs. Hitchcock, and the contention of the appellant is that the three surviving lessees cannot avail themselves of what, it is insisted, was but an option given by the trustees to four, to be accepted by them jointly, and which was revoked by the death of one of them before it had been accepted. The agreement of November 20, 1897, is not to be so read. True, in the above-quoted clause from the agreement with the trustees the words "option" and "options" are to be found, but that they were used by the parties to the agreement to mean an absolute right or privilege granted to the lessees, or their assigns, is the only conclusion to be reached. That such right or privilege, and not a mere option to the four lessees jointly, was granted by Mrs. Hitchcock in her leases cannot be questioned, and it is that right or privilege to which the trustees refer when they designate it an "option to extend the term of the lease for the said first period of five years running from April 1st, 1898." Such designation of the right or privilege granted by Mrs. Hitchcock did not

change its character, and what she granted was a right or privilege to the lessees "or their assigns" to renew the lease. When the trustees agreed to extensions beyond the year 1908, the word "options" is used, but immediately following it is the clear and unambiguous clause that the lessees "shall have and may exercise the same privileges under the same terms and conditions for a renewal of said leases for a period of five years from April 1st, 1908," as were "expressed" in the leases executed by Mrs. Hitchcock. With the privileges granted by her leases so written into the lease by the trustees, as they intended they should be there rewritten, it must be read as granting the right or privilege to the lessees, "or their assigns," of re-renting for a term of five years from April 1, 1908. This right or privilege became an asset of the partnership, which, upon the death of Jacob Kaufmann, passed to the surviving members of the firm, not only by operation of law, but by assignment of his interest under the thirteenth article of the copartnership agreement, which was part of the evidence in the proceedings in the court below. The three surviving partners became the assigns of the right or privilege to re-rent.

As it clearly appears from the face of the agreement that the right upon which the appellees insist, passed to them under it, we need not refer to the situation of the parties and the surrounding circumstances at the time it was executed as indicating the intention of both lessors and lessees that the appellees were to have the right to an extension of the term.

The alternative prayer of appellant's bill was that, if the lease by the trustees should be construed as giving to the appellees the right to extend the term, the rental for the five years from April 1, 1908, should be fixed by the court. This was done, and, after careful examination of all the testimony submitted on the question of a proper rental, we cannot say there was error in the decree directing that the appellees pay an annual rental of $90,000 and all taxes and insurance during the extended term.

The assignments of error are all dismissed and the decree is affirmed practically on the opinion of the court below, the costs to be paid by appellant.