# Steiner *v.* Central Trust & Title Co., Appellant.

*Landlord and tenant—Proceedings for summary possession— Expiration of term—Violation of Volstead Act—Forfeiture of lease —Equitable ejectment—Cross-bill—Answer asking affirmative relief—Act of Dec. 14, 1863, P. L. (1864) 1125—Injunction.*

1. The Act of December 14, 1863, P. L. (1864) 1125, giving a summary remedy for possession by a proceeding before a justice of the peace against tenants who hold over without color of right after the expiration of the terms, was intended to give a more expeditious remedy than an action of ejectment, and is limited to a class of cases that are of simple solution; and the courts cannot enlarge its scope so as to embrace cases which the average justice of the peace is incompetent to handle.

2. The Act of 1863 is confined to cases where the lease contains a stipulation for its termination in the event of noncompliance with its provisions.

3. The act does not apply to a case where the tenant is alleged to have forfeited his lease by a violation of the National Prohibition or Volstead Act, by the sale of two glasses of liquor on the demised premises by one of his employees, and especially is this the case where he was not served with the three-months' notice to quit, as provided by the act.

4. Such a proceeding under the Act of 1863, may be restrained by a court of equity.

5. Where a bill has been filed to restrain a proceeding under the Act of 1863, defendant cannot contend that, equity having taken jurisdiction, the court should decide the points of law involved in defendant's favor, and award it possession of the premises.

6. The law of Pennsylvania discountenances equitable ejectments, and where in a suit to restrain proceedings under the Act of 1863, no cross bill is filed or affirmative relief asked in the answer, the court will not depart from this fixed policy.

Argued April 24, 1922. Appeal, No. 390, Jan. T., 1922, by defendant, from decree of C. P. Erie Co., Feb. T., 1921, No. 5, on bill in equity, in case of Fred J. Steiner v. Central Trust & Title Co. Before MOSCHZISKER, C. J., WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill in equity for injunction. Before HIRT, J.

The opinion of the Supreme Court states the facts.

Decree for plaintiff: 3 Erie Co. L. J. 245. Defendant appealed.

*Error assigned,* inter alia, was decree, quoting it.

*Charles A. Mertens,* with him *W. J. Young,* for appellant.—Courts may restrain acts contrary to law, but not where they are according to positive law: Brown's App., 66 Pa. 155.

A court of equity which has obtained jurisdiction of a controversy on any ground or for any purpose, will retain such jurisdiction for the purpose of administering complete relief: Hurst v. Brennen, 239 Pa. 216; Holden v. Bernstein Mfg. Co., 232 Pa. 366.

Where the intent of a statute is to provide a specific penalty for a specified default, equity has no jurisdiction to grant relief, as to do so would run counter to the statute: U. S. v. Dieckerhoff, 202 U. S. 302; Brown's App., 66 Pa. 155; Quinn v. McCarty, 81 Pa. 475; Drove Yard Co's. App., 123 Pa. 250; Dilworth Coal Co. v. Kidney, 43 Pa. Superior Ct. 625; Danzer v. Hersker, 34 Pa. C. C. R. 251; Leininger's App., 106 Pa. 398.

*Charles H. English,* with him *John B. Brooks,* for appellee.—The justice of the peace was without jurisdiction to oust the tenant under the facts in this case: Denny v. Fronheiser, 207 Pa. 174; Davis v. Davis, 115 Pa. 261.

Appellant did not comply with the provisions of the Act of 1863, as to notice: Davis v. Davis, 115 Pa. 261.


OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, May 15, 1922:

Plaintiff, Fred J. Steiner, filed a bill in equity to restrain defendant trust company from prosecuting proceedings, under the Act of December 14, 1863, P. L. (1864) 1125, to recover possession of a certain piece of improved real estate, occupied by him under a lease for ten years, which will not expire until March 31, 1926, with a privilege of five additional years to begin April 1, 1926. The injunction was issued as prayed for, "but without prejudice to respondent to proceed in an action in proper form at law"; defendant has appealed.

Section 23 of the National Prohibition, or Volstead, Act, provides that a violation of its provisions, "upon any leased premises by the lessee or occupant thereof, shall, at the option of the lessor, work a forfeiture of the lease." Plaintiff was charged with a violation of the above law on the demised premises; he pleaded guilty in the United States District Court and was sentenced to pay a fine. November 30, 1920, defendant, by resolution of its board of directors, declared plaintiff's lease forfeited because of this violation of the federal law; and, on December 1, 1920, it accordingly gave plaintiff written notice to vacate. When he failed to remove from the premises, defendant, on January 8, 1921, summoned him to appear before a justice of the peace in a possessory action under the Act of 1863; whereupon this bill was filed to restrain the proposed proceedings, on the ground that the statute in question was not intended to apply to a state of facts such as presented by the case at bar.

The Act of 1863 provides that "Where any person ......in this state......having leased......lands or tenements to any person......for a term of......years ......shall be desirous, upon the termination of said lease, to have again and repossess such demised premises,

having given three months' notice of such intention to his lessee,......and said lessee......shall refuse to leave......at the expiration of said term, in compliance with......said notice, it shall be lawful for such lessor.......to complain thereof to any justice of the peace......, whose duty it shall be to summon the defendant......and, upon due proof being made...... that the term......is fully ended, and that three months' previous notice had been given [to quit]......, then and in that case [judgment of possession may be rendered for plaintiff]."

In Kaufmann v. Liggett, 209 Pa. 87, 93, construing the above quoted statute, we said that the "summary remedy" there provided is not adapted to the determination of intricate and delicate questions of law, adding, "the act was passed in the interests of justice, to give, against tenants who hold over without even the color of right, after the expiration of their terms, a better remedy than the old cumbersome, dilatory and expensive one by action of ejectment; ......[it is] limited to a class of cases that are of easy solution [and the courts cannot] enlarge its scope so as to embrace cases which the average justice of the peace......is incompetent to dispose of."

In the case at bar, no three months' notice to quit and no such "expiration" of the term as contemplated by the Act of 1863 are alleged. Moreover, that which is depended upon by defendant as an equivalent, namely, the violation by plaintiff of the Volstead Act,—through the sale of two glasses of liquor on the demised premises, by one of his employees,—presents, from constitutional and other aspects, many nice and intricate questions of law, as yet undetermined by the courts, with which, of course, a justice of the peace is entirely unfitted to cope. Under the circumstances, the court below was quite right in ruling that the act invoked did not apply.

Certain dicta in Quinn v. McCarty, 81 Pa. 475, are largely relied on by appellant to sustain its contention that the Act of 1863 applies as a remedy in all instances

of forfeiture of a term; but that case by no means rules the present one. There, three months' notice to quit had been given, prior to a definite time fixed by the lease for the ending of the term, in case of the failure of the lessee to live up to the provisions of the contract of letting; and the only question for the justice of the peace was one of fact,—as to whether the lessee had done certain things which, according to the very letter of the lease (the law of the case), had brought the term to an end. As correctly stated by Judge PORTER in Robinson v. Moyer, 57 Pa. Superior Ct. 401, 405, Quinn v. McCarty, as an authority, is confined to cases where the lease contains a stipulation for its termination in the event of noncompliance with its provisions; and, we may add, this means, where, under the contract of letting, such noncompliance, when proved, has the same effect as the actual expiration of the term,—then and only then, can the Act of 1863 apply on the theory of an expiration of the term.

That a court of equity has jurisdiction in a proper case to restrain proceedings under the Act of 1863, was squarely decided by us in Kaufmann v. Liggett, supra. Hence we cannot now sustain appellant's claim to the contrary; nor can we approve its contention that, equity having taken jurisdiction, the court below should have decided the points of law involved in defendant's favor and awarded it possession of the premises in controversy. The law of Pennsylvania discountenances equitable ejectments, and a case like the present, where no cross-bill was filed and no affirmative relief asked in the answer, is not one which tempts us to depart from this fixed policy.

The assignments of error are overruled and the decree is affirmed at cost of appellant.