## Scranton Electric Co. v. Black Ridge Coal Co. et al.

*Injunction — Trespass—Adequate remedy at law—Continuing trespass—. Jurisdiction of equity—Acts of June 16, 1836, and Feb. 14, 1857.*

1. Whether a court of equity has jurisdiction or not must be determined, not by what may have been shown by the answer, but by what appears on the face of the bill itself.

2. The Act of June 16, 1836, § 13, P. L. 784, in connection with the Act of Feb. 14, 1857, P. L. 39, empowers the court to prevent or restrain the commission or continuance of acts contrary to law and prejudicial to the rights of individuals.

3. Where it appears in a bill for injunction that plaintiffs have leasehold title to a coal dump located upon lands owned by the defendants, subject to plaintiffs' rights, and that defendants have threatened to interfere with and prevent plaintiffs from exercising their rights in such a way as to necessitate continual acts of trespass, equity has jurisdiction to restrain defendants' trespass. Equity ought to assume jurisdiction in such case, even though the plaintiffs may have a remedy at law, if it appears that the rights of the parties can be much more conveniently determined in a single suit in equity.

Motion to certify equity case to law side of the court. C. P. Luzerne Co., Dec. T., 1923, No. 6, in Equity.

*J. P. Harris* and *W. A. Valentine*, for plaintiff.

*John H. Bigelow*, for defendants.

JONES, J., Feb. 7, 1925.—Bill in equity, praying for an injunction to restrain defendants from interfering or in any way preventing plaintiff from exercising its rights in a certain leasehold and removing culm dumps located thereon; answer filed, including statement that the suit should have been brought at law, which question is now before the court for decision.

Whether a court of equity has jurisdiction or not must be determined, not by what may have been shown by the answer, but by what appears on the face of the bill itself: Adams's Appeal, 113 Pa. 449; Lafean et al. v. American Caramel Co., 271 Pa. 276.

The bill avers that plaintiff, through a chain of sundry conveyances, became and is now the owner of, and in possession of, certain culm banks containing fine sizes of coal, culm and silt, stored upon a space of from 1000 to 1500 square feet, rising in height to the neighborhood of fifty feet and being approximately conical in shape, and the lessee of all the land covered by the dumps and so much of the land adjacent to and surrounding the dumps necessary for removing and transporting the materials desired from the said dumps or banks for a term of twenty years, beginning May 8, 1916; the leased land is a part of the Henry Rope tract in Sugarloaf Township.

It also avers that defendants became the owner of the Rope tract by a conveyance which explicitly provided, "nor does the grantor herein undertake to convey title to the deposits of coal and culm upon the surface of said land" (the deposits in question), and their grantor always recognized the leasehold in plaintiff.

That plaintiff received from the Black Ridge Coal Company, defendant, a letter signed by Andrews, defendant, offering the culm banks for sale; upon notice from plaintiff that it owned the banks and was lessee of the land underlying the same and adjacent thereto, defendants threatened that if plaintiff made any attempt to remove any of the said coal or culm under its lease, they would forcibly interfere with and prevent plaintiff from exercising its rights in the premises.

An inspection of defendants' answer discloses no title in them to the coal dumps and no denial of the lease, but a claim that plaintiff has an adequate and ample remedy at law for any damage which it might suffer by reason of any threatened trespass upon its alleged rights, and that no such damages are alleged as cannot be amply ascertained and liquidated in an action of trespass.

The Act of June 16, 1836, § 13, P. L. 784, in connection with the Act of Feb. 14, 1857, P. L. 39, empowers the court to prevent or restrain the commission or continuance of acts contrary to law and prejudicial to the rights of individuals.

The powers there ordained are broad enough to cover the acts threatened by defendants; title to the coal dump is expressly reserved in defendants' conveyance, the leasehold is admittedly in plaintiff, yet, notwithstanding all this, defendants claim the right to trespass upon the premises, oust plaintiff from its leasehold and remove its personal property, proclaiming that plaintiff has an adequate remedy at law for any damage sustained by it; contending that the broad and extensive powers contained in the acts, June 16, 1836, P. L. 784, and Feb. 14, 1857, P. L. 39, are limited in their application and do not embrace plaintiff's case.

No doubt plaintiff has a remedy at law for the threatened trespass by the defendants, yet equitable jurisdiction does not depend entirely upon the want of a common law remedy, but may be sustained on the ground that under given circumstances it is the most convenient and efficient road to adequate relief: Barnes Laundry Co. v. Pittsburgh, 266 Pa. 24.

This case involves more than the removal or threatened removal of personal property, but the right of the defendants, as landlord, without any legal justification or excuse, to disturb plaintiff in the enjoyment of its lawful occupancy and possession of its premises and oust it therefrom.

Any wrongful act of the landlord which results in an interference with the tenant's possession in whole or in part amounts to an eviction: Oakford v. Nixon et al., 177 Pa. 76.

If a court of equity can restrain proceedings under the Landlord and Tenant Acts of March 21, 1772, 1 Sm. Laws, 370, 373, and Dec. 14, 1836, P. L. (1864) 1125 (Steiner v. Central Trust and Title Co., 274 Pa. 341; Kaufmann v. Liggett, 209 Pa. 87; Bixler et al. v. Swartz, 257 Pa. 300), a court in equity should, where a landlord ignores all legal process and resorts to the strong arm to evict the tenant, interfere to restrain such illegal and unlawful conduct.

In Bixler et al. v. Swartz, 257 Pa. 300, the appellate court sustained an order of the court below continuing a preliminary injunction restraining the defendant from interfering with the tenant's possession of a store-room where the tenant was in lawful occupancy under a lease and defendant threatened to oust him.

While equity will not restrain by injunction the commission of a mere ordinary or naked trespass, it will assume jurisdiction to enjoin the commission of what is known as a continued or continuing trespass: Kramer *v.* Slattery, 260 Pa. 234.

If the culm were removed at one time, plaintiff might have an adequate remedy for such tortious act, but here the defendant threatens to remove a dump with an area at the base of 1000 to 1500 square feet, extending to a height of fifty feet, necessitating continual acts of trespass and extending over a period of time, depending upon the pleasure or whim of the defendants or the conditions of the coal market for small sizes of coal.

Must plaintiff under those circumstances seek redress in a civil suit for damages for such trespasses extending over an indefinite period; must he sit by and see his property rights continually invaded, his personalty converted by one who has no right whatever in the premises and be told that he must sue to recover the damages sustained and that the equitable power of the court cannot enjoin the commission and continuance of these unlawful acts?

Is the remedy one suit or a multiplicity of suits? The bringing of one or many suits is a matter depending upon the conduct of the defendants as to the manner and the speed with which they remove the culm.

The acts of the defendants are so openly and defiantly contrary to the law and prejudicial to the rights of the plaintiff that redress in one or several actions of trespass would be an inadequate remedy for the plaintiff, and since the rights of the parties can be determined in this single suit in equity much more conveniently than on the law side of the court, and because it is the most convenient remedy, equity ought to assume jurisdiction.

For the reasons herein stated, the motion of the defendant to certify the case to the law side of the court is refused.

From F. P. Slattery, Wilkes-Barre, Pa.