# White et al. *v.* Long et al., Appellants.

*Landlord and tenant—Equity—Magistrate—Appeal—No super-sedeas—Injunction against proceedings under Acts of March 21, 1772, 1 Sm. L. 370, and December 14, 1863, P. L. (1864) 1125.*

1. A magistrate's right to adjudicate in landlord and tenant proceedings under Acts of March 21, 1772, 1 Sm. L. 370 and December 14, 1863, P. L. (1864) 1125, is limited to plain cases.

2. The acts were not intended to give exclusive jurisdiction to the magistrate in matters where elements of fraud or decisions of intricate questions of law are involved.

3. In such case, a court of equity may, after a judgment of ouster has been entered by the magistrate and an appeal taken to the common pleas, restrain the proceedings until the appeal has been heard, and especially is this proper because the appeal is not a supersedeas.

*Landlord and tenant—Extension—Renewal—Option or lease—Consideration—Construction—Holding over.*

4. Where a contract giving a tenant a right to renew a lease is based on a valuable consideration, it is immaterial whether the agreement is termed an option or a lease.

5. Even if there was a doubt as to the meaning of the words used in such an agreement, it would be resolved in favor of the lessee.

6. An acceptance of the privilege to extend the term may be indicated by act, expression or course of conduct, without formal notice to the lessor, unless required by the terms of the contract.

7. A holding over by the tenant in possession is a sufficient manifestation of the purpose to exercise the right granted.

*Landlord and tenant—Partnership as lessee—Assets—Withdrawal of partner—Right to renew lease.*

8. The right to continue in the occupancy of a property is an asset of a partnership.

9. Where a partnership is a lessee of property, and one of the two members assigns his interest in the firm to a third person, such assignment does not in itself terminate the partnership nor relieve it from the obligations assumed under the lease, nor reduce the rights therein, nor interfere with its privilege of renewal.

Argued April 11, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 207, Jan. T., 1927, by defendants, from decree of C. P. Luzerne Co., Oct. T., 1926, No. 8, for plaintiffs, on bill in equity, in case of W. D. White and E. R. White, trading as W. D. White & Co., and Louise Poland v. Isaac S. Long and Alex. Ricketts. Affirmed.

Bill for injunction. Before FULLER, P. J., and MC-LEAN, J.

The opinion of the Supreme Court states the facts.
Decree for plaintiffs. Defendants appealed.

*Error assigned,* inter alia, was decree, quoting record.

*Andrew Hourigan,* with him *Leo W. White* and *W. A. Valentine,* for appellants.—Equity was without jurisdiction: Drove Yard Co.'s App., 123 Pa. 250; Brown's App., 66 Pa. 155; Quinn v. McCarty, 81 Pa. 475; DeCoursey v. Trust Co., 81 Pa. 217; Denny v. Fronheiser, 207 Pa. 174; Logan v. Bauer, 60 Pa. Superior Ct. 328.

Appellees have no standing to enforce the option: Wiles v. People's Gas Co., 7 Pa. Superior Ct. 562; Cardon's Est., 278 Pa. 153.

*Frank P. Slattery,* with him *Peter J. McCormick* and *Frank A. McGuigan,* for appellees.—Equity has jurisdiction: Denny v. Fronheiser, 207 Pa. 174; Kaufmann v.

Liggett, 209 Pa. 87; Bixler v. Swartz, 257 Pa. 300; Steel v. Thompson, 3 P. & W. 34.

The firm of W. D. White & Co. has a standing to enforce the option: Underdown v. Underdown, 279 Pa. 482.

After the death or withdrawal of a partner his former and surviving partners become vested with the title to the tenancy or lease or rights of renewals. Such are assets of the partnership and enure to the benefit of the surviving partners and to the firm itself if its business is not wound up and its assets distributed: Liggett v. Kaufmann, 231 Pa. 398; Oram v. Rothermel, 98 Pa. 300; Shipe's App., 114 Pa. 205; Eaton's App., 66 Pa. 483.

Whether an instrument shall be considered as an absolute lease or only an agreement to lease depends not on any particular words or phrases but on the intention of the parties to be derived from the instrument itself by a consideration of all its parts, and, when that is doubtful, from the circumstances attending it: Barnes v. Rea, 219 Pa. 279, 287; McHenry v. Mitchell, 219 Pa. 297; Berger v. Palethrop, 2 W. N. C. 297; Moore v. Miller, 8 Pa. 273.

The holding over by a tenant who has an option for an additional term is notice to his landlord of his election to exercise his privilege: Sloan v. Longcope, 288 Pa. 196; Harding v. Seeley, 148 Pa. 20; McBrier v. Marshall, 126 Pa. 390; Rohbock v. McCargo, 6 Pa. Superior Ct. 134; Lipper v. Bouve, Crawford & Co., 6 Pa. Superior Ct. 452; Cannon v. Keystone Co., 73 Pa. Superior Ct. 53.

OPINION BY MR. JUSTICE SADLER, May 9, 1927:

One Poland, leased a property in the City of Wilkes-Barre from the defendant, Long, for a term beginning April 1, 1918, to continue for ten years. The lessee died early in 1919, and his wife, also executrix, remained in possession. In the December following, with the assent

of the owner, she offered to sublet the lower floor to W. D. White & Company, druggists, for an annual rental of $9,000. The firm refused to move its business to a new location unless assured of the right to occupy the premises for a considerable period, and Long first agreed it could remain until 1931, if so desired. Mrs. Poland was unwilling to bind herself for the payment of rental for such a long term, and it was stipulated that a new lease should be entered into with her, expiring in 1926, and she should sublet to the company until the end of this term. An option to the Whites to hold until 1931 was also to be given, though her tenancy ended at the time first mentioned. Thereafter she would hold under the firm, if it exercised the right to continue in possession. These understandings were reduced to writing by the parties on January 2, 1920.

W. D. White & Company was a partnership, composed of a father and his son Edward. The firm did not desire to make the outlays required for adaptation of the building to its needs unless a long term could be assured. The senior member took up the matter with the owner, Long, and a written understanding, signed by both parties, was reached on January 5th, by the terms of which possession was to be taken under Mrs. Poland until 1926, at a rent of $9,000, and thereafter the holding should be under Long until 1931, with the charge increased to $13,000. The privilege was also granted to remain until 1936, in which event the sum of $15,000 per year was made payable. This agreement was entered into by W. D. White on behalf of the firm, but the other member was not aware of the terms of the contract at the time it was executed. The former died in 1921, having previously assigned his interest in the partnership to William D. White, Jr. The option to hold until 1936 having been obtained from Long, a sublease from Mrs. Poland during her term, which expired in 1926, was accepted, and, at an expenditure of $40,000, the new equipment was secured, necessary improvements made, and

the store belongings removed.   The rent contracted for was regularly paid by the lessee and subtenant until April 1, 1926.

On April 28th of that year Long instituted proceedings before a magistrate to dispossess Mrs. Poland, claiming a termination of the lease on the beginning of that month, and a judgment of ouster was rendered, from which an appeal was taken to the court of common pleas.   The firm of W. D. White & Co. was not made a party defendant to this litigation.   A bill was then filed praying that an injunction be granted to restrain forcible removal of the occupants of the premises on the ground that the holding over for an additional term was permissible and lawful.   At the hearing, Long produced the contract of January 5, 1920, with the terms of which the surviving member of the firm, as existing at that time, was unaware, and wherein it was provided the rental charge, beginning with April 1, 1926, should be considerably increased.   The amount due on the new basis had not been tendered to the lessor because of ignorance as to the agreement to pay a larger sum. When the facts as to this became known the bill was withdrawn, notice of intention to accept the option given, and a check sent for the money actually collectible as rent for April and May, but acceptance of it was refused. A second proceeding was then instituted to restrain Long, the landlord, and Ricketts, the magistrate, from dispossessing those occupying the property, in which bill Mrs. Poland and the firm were plaintiffs, the former holding after April 1, 1926, under W. D. White & Co.   It was contended by defendants, on the motion to continue the preliminary injunction, that equity was without jurisdiction in view of the pendency of the ouster proceedings against Mrs. Poland in the common pleas, that the drug firm as now existing could have no interest in the extension agreement, it having been made with the partnership, now dissolved by the assignment of the interest of W. D. White, and, further, that no notice of intention

to exercise the option and continue in possession had been given the landlord. After hearing, a decree was entered prohibiting any attempt to remove the plaintiffs from the premises until the determination of the appeal in the landlord and tenant case, and a review of this action by the court below is now asked.

It is first insisted the court was without jurisdiction to enjoin defendants from ousting the lessees pending a decision as to the rights of the parties on appeal from the magistrate in the proceedings already referred to. In an ordinary case, where the termination of a tenancy is in controversy, the statutory manner of procedure must be followed, and the right of the lessee to continue his occupancy is to be determined primarily by the official to whom there has been delegated the power to find the fact, subject to the right of appeal to the common pleas, for thereby a complete remedy is provided: Drove Yard Co.'s App., 123 Pa. 250; Brown's App., 66 Pa. 155. It was early held, however, that the magistrate's right to adjudicate was limited by the landlord and tenant acts to plain cases (Steel v. Thompson, 3 P. & W. 34), and the statutes were not intended to give exclusive jurisdiction to him in matters where elements of fraud or decisions of intricate questions of law were involved. In Denny v. Fronheiser, 207 Pa. 174, where equitable relief was denied, the circumstances not calling for such intervention, it was said (p. 177): "The jurisdiction of equity to restrain actions at law is too well established to require discussion, and there is nothing in the Act of 1772 [or 1863] to give proceedings under it any immunity from such restraint in a proper case." The right to enjoin in landlord and tenant cases, when the facts call for equitable relief, has been since expressly affirmed: Steiner v. Central T. & T. Co., 274 Pa. 341; Kaufmann v. Liggett, 209 Pa. 87. The necessity for the exercise of this power is at times apparent, in view of the fact that the appeal taken from the judgment of ouster is not a supersedeas.

In the instant case it will be noticed that the plaintiff company was not a party in the suit before the magistrate. Legal questions were involved as to the validity of the option granted, whether it was properly exercised, and as to the effect of the assignment by one partner of his interest in the firm prior to the date for expressing an intention to continue in possession. It further appeared that the lessor had withheld notice of the outstanding privilege to continue the lease, until after the magistrate had passed on the question of its termination, and only disclosed the existence of the option in the first injunction proceeding for the purpose of showing more rent was due than had been tendered, thereby defeating the pending suit. Whether his conduct may be said to indicate fraud, or not, the circumstances made out such a case as justified equitable intervention, and the decree restraining interference with the lessee's occupancy, until the hearing of the appeal from the magistrate, having been based on reasonable grounds, will not now be interfered with: Bixler v. Swartz, 257 Pa. 300. We are not at this time required to pass upon the merits of the controversy, or the correctness of the rulings of the points of law considered by the court below, (Steiner v. Central T. & T. Co., supra, p. 345) though we will briefly refer to them.

It is suggested that the agreement of January 5th, providing for an extension, is an option and not a lease. No matter by what term it is designated, the contract was based on a valuable consideration, and gave to the drug company the right to renew for the period designated therein: Liggett v. Kaufmann, 231 Pa. 398; Barnes v. Rea, 219 Pa. 279; Cardon's Est., 278 Pa. 153. The intention to grant the right to continue the possession is clear. Even if there was doubt as to the meaning of the words used in the agreement, which there is not, it would be resolved in favor of the lessee: Stetler v. North Branch Transit Co., 258 Pa. 299; Hunter v. Johns, 275 Pa. 532; McClintock Co. v. Ætna Co., 260

Pa. 191; Cairns v. Llewellyn, 2 Pa. Superior Ct. 599. It was of course necessary that there be an acceptance of the privilege to extend the term, but this may be indicated by any act, expression or course of conduct, without formal notice to the lessor, unless required by the terms of the contract: Dickinson v. Robinson, 272 Fed. 77. The holding over by the tenant in possession, as in this case, was a sufficient manifestation of the purpose to exercise the right granted: Harding v. Seeley, 148 Pa. 20; Sloan v. Longcope, 288 Pa. 196; Lipper v. Bouve, Crawford & Co., 6 Pa. Superior Ct. 452; Cannon v. Keystone Co., 73 Pa. Superior Ct. 53.

A further objection to the renewal agreement is based on the ground that it is signed by W. D. White & Co., and the fact that the present partners are not the same individuals as constituted the firm when the contract was executed. The writing of January 5th shows no intention to enter into a personal covenant with the parties constituting the firm, but to bind the latter as a partnership. "Covenants to renew are not personal, but run with the land, and the legal successors of the lessee, as well as of the lessor, are entitled to the benefits and are burdened with the duties and obligations which such covenants confer and impose upon the original parties": 35 C. J. 1013. The right to continue in the occupancy of a property is an asset of a partnership: Underdown v. Underdown, 279 Pa. 482; Eaton's App., 66 Pa. 483; Oram v. Rothermel, 98 Pa. 300.

The assignment of the interest of the father to his son William in 1921 did not dissolve the firm, relieve it from the obligations assumed under the lease, reduce its rights therein, nor interfere with its privilege of renewal. Such a transfer does not terminate the partnership, though the remaining members may refuse to recognize the right of the assignee to join in the conduct of the business (Uniform Partnership Act, March 26, 1915, P. L. 18, section 27), but no such objection was made here to the entrance of the new partner by the one remaining.

If the one acquiring the share is not accepted, the court may decree a dissolution under section 32 of the Partnership Act (Murdoch v. Murdoch, 279 Pa. 97), but the mere change in the membership of the firm does not have this effect. Long, in this case, was not thereby relieved from his obligation to renew: Liggett v. Kaufmann, 231 Pa. 398.

We are convinced the court below reached a proper conclusion, and the assignments of error are overruled.

The decree is affirmed at the cost of appellants.