## Cooperman et al. v. Stein

*Bialkowski, Bialkowski & Bialkowski,* for plaintiff.
*Carlton M. O'Malley* and *Harry Needle,* for defendant.

LEACH, P. J., August 24, 1945.—Plaintiffs' bill sets forth that they leased real estate from defendant and exercised an option to rent the premises for one year after the first lease expired. The exact words of the said lease are as follows:

"For a period of four (4) months from the first day of February, 1944, until the first day of June, 1944, at monthly rental of one hundred ($100) dollars per month payable in advance and an additional year from June 1, 1944 to June 1, 1945 at a monthly rental of one hundred twenty-five ($125) dollars per month payable in advance. The party of the second part have the first option to buy said property at a price to be determined later if said option is exercised during the continuance of this lease, and not after. Also have option renting said premises after lease expires June 1, 1945."

While a lease is to be construed against the lessor and in favor of the lessee, there is no agreement that can be construed in the recital that the lessee "have option renting said premises after lease expires June 1, 1945." These words give neither the time that the lease is to run, or the amount of rental, or that the present lease should be renewed for a like term.

The parties made no agreement. A court of equity cannot now make an agreement for them.

There are several cases in Pennsylvania such as Cairns et al. v. Llewellyn et al., 2 Pa. Superior Ct. 599; Aaron v. Woodcock, 283 Pa. 33; Kaufmann v. Liggett, 209 Pa. 87; White et al. v. Long et al., 289 Pa. 525, where terms of leases have been extended. In every case the time was definitely fixed by the agreement. Usually it was a continuance of the lease and not an option to lease the premises.

August 24, 1945, preliminary objections to bill are sustained and complainants' bill dismissed.