427 A.2d 196

**Robert S. PEITZMAN and Judith Peitzman, Appellants,**

**v.**

**Morris SEIDMAN, Jacob Seidman, and Merrill Seidman, co-partners d/b/a Morris Seidman & Sons and as Parkway Associates.**

Superior Court of Pennsylvania.

Argued Dec. 5, 1979.

Filed March 13, 1981.

Lester H. Novack, Philadelphia, for appellants.

Neal E. Newman, Bensalem, for appellees.

Before PRICE, WATKINS and HOFFMAN, JJ.

PRICE, Judge:

This is an appeal from the order of the Court of Common Pleas of Philadelphia County sustaining preliminary objections to the complaint filed in equity by appellants, Robert and Judith Peitzman. The sole issue for our consideration is whether the trial court abused its discretion in refusing to exercise its equity jurisdiction on the ground that there existed a full, adequate, and complete remedy at law. *See generally Long John Silver's Inc. v. Fiore*, 255 Pa.Super. 183, 386 A.2d 569 (1978); *St. Vladimir's Ukranian Orthodox Church v. Preferred Risk Mut. Ins. Co.*, 239 Pa.Super. 492, 362 A.2d 1052 (1976).

The following pertinent facts appear. Appellees operate an apartment building in Philadelphia known as Parkway House. Since January, 1972, appellants, tenants of Parkway House, have occupied apartment No. 601. By a lease dated January 4, 1977, appellants retained possession of apartment 601 for a period commencing April 1, 1977 and ending March 31, 1978. The lease provided for the automatic continuation of the tenancy for a further term unless either party shall have provided the other with written notice of its desire to terminate the lease ninety days prior to the end of the original term—March 31, 1978.

Pursuant to this provision, appellees gave written notice on December 22, 1977, that they were exercising their option to terminate. On February 16, 1978, appellants filed a complaint in equity to enjoin and restrain appellees from refusing to renew their lease. The thrust of appellants' prayer for relief was that, in refusing to renew the apart-

ment lease, appellees were acting in malicious retaliation for their active participation in and chairmanship of the Parkway House Tenant's Association, an organization designed to represent tenants in their dealing with the appellees as lessors. In two other counts, appellants sought to recover (1) overcharges in rent allegedly imposed because of their participation in the tenant's organization, and (2) compensatory and punitive damages for emotional distress suffered by appellant Judith Peitzman as a result of appellees' vindictive conduct.

Appellees subsequently filed preliminary objections to the complaint in the nature of a demurrer alleging that appellants had a full, complete and adequate statutory remedy at law; *viz.*, the Landlord and Tenant Act of 1951.[1] On July 10, 1978, these objections were sustained and the court below entered an order dismissing appellants' complaint in equity. For the reasons herein set forth, we affirm.

■ It is generally established that where a remedy is provided by statute, the jurisdiction of a court of equity may not be invoked since there is an adequate remedy at law. *See Pennsylvania State Chamber of Commerce v. Torquato*, 386 Pa. 306, 125 A.2d 755 (1956); *Collegeville v. Philadelphia Suburban Water Company*, 377 Pa. 636, 105 A.2d 722 (1954). Instantly, the trial court relied on *Brown's Appeal*, 66 Pa. (16 Smith) 155 (1870) and *Appeal of Pittsburgh and A. Drove Yard Company*, 123 Pa. 250, 16 A. 625 (1888), to buttress its conclusion that it had no equitable jurisdiction since the Landlord and Tenant Act of 1951 offered appellants a positive statutory remedy. In *Brown*, the supreme court held that injunctive relief was not available to enjoin a landlord's possessory action to recover demised premises where he had given proper notice to the lessees that they should quit possession at expiration of their lease. The court reasoned that equity could not restrain the defendant-lessors from proceeding under the Landlord and Tenant Act

1. Act of April 6, 1951, P.L. 69, Art. I, § 101 *et seq.*, 68 P.S. § 250.101 *et seq.*

of 1863 [2] since, under the same act, the plaintiff-lessees were guaranteed a full and fair hearing. The supreme court there stated:

> The Landlord and Tenant Act of 1863 provides an ample remedy whereby to recover possession of leased premises when it is alleged that the term has expired. It is not a one-sided remedy, for it allows to the defendant ample scope to allege and prove any legal defense he may have against the plaintiff's demand, with the right of review by appeal or certiorari. It is a complete system for that species of controversy ... Where a positive statutory remedy exists and may be pursued, equity cannot interfere on the ground of irreparable mischief.

*Brown's Appeal*, 66 Pa. (16 Smith) at 157. Similarly, in *Appeal of Pittsburgh and A. Drove Yard Company, supra,* the supreme court dismissed a bill in equity filed by a holdover tenant. The tenant sought to restrain his landlord from proceeding to obtain possession and to require him to execute a renewal lease. In declining to enjoin the lessor from either renewing the lease or proceeding to eject the lessee under the applicable landlord and tenant act, the supreme court posited that:

> There is nothing to take this case out of the ordinary rule of landlord and tenant ... There is not only an adequate remedy at law for this, but there is a specific remedy given by statute ... Under the landlord and tenant act the rights of the tenant are fully guarded. If a court of equity would decree a renewal of the lease, a court of law will allow the tenants to remain in possession.

*Appeal of Pittsburgh and A. Drove Yard Company*, 123 Pa. at 252, 16 A. at 626.

■ Appellants first argue that reliance on *Brown's Appeal* and *Appeal of Pittsburgh and A. Drove Yard Company* is misplaced since those decisions are factually distinguishable from the instant case. In particular, appellants' stress that they had merely received notice of termination when they sought injunctive relief while in both of those cases the

2. Act of December 14, 1863, P.L. 1125, § 1.

landlord had actually commenced repossession proceedings under the prevailing landlord and tenant act. Therefore, appellants conclude that the reasoning in *Brown's Appeal* and *Appeal of Pittsburgh and A. Drove Yard Company* is unavailable to preclude equity jurisdiction since no one could state, as a matter of certainty, that appellees would proceed under the Landlord and Tenant Act of 1951 when appellants' complaint was filed. We disagree.

For all intents and purposes, the prayer of the complaint that appellees be ordered and decreed to renew the lease for another term was tantamount to a prayer that they be restrained from proceeding to obtain possession of the leased premises pursuant to the 1951 Act. This is especially true when, as here, appellants' complaint included a prayer for such additional relief as might be deemed appropriate by the trial court to insure renewal of the lease. Accordingly, the ultimate issue before the trial court was identical to that addressed by the supreme court in *Brown's Appeal* and *Appeal of Pittsburgh and A. Drove Yard Company; viz.*, whether tenants under a residential lease may seek equitable relief in the nature of an injunction to prevent a landlord from exercising his statutory remedies regarding eviction. To hold otherwise simply because no proceeding had been commenced under the Landlord and Tenant Act of 1951 at the time that the injunctive relief was sought, would subvert the principle that equity will not entertain jurisdiction when there exists an adequate remedy at law.[3]

3. In further support of this view, we note that appellees, as a matter of law, could not have commenced proceedings to recover possession of the leased premises under the 1951 Act until the termination of the current lease term. Section 250.501, concerning "notice to quit", pertinently provides:

A landlord desirous of repossessing real property from a tenant may notify, in writing, the tenant to remove from the same at the expiration of the time specified in the notice under the following circumstances, namely, (1) upon the termination of a term of the tenant, (2) or upon forfeiture of the lease or breach of its conditions, (3) or upon the failure of the tenant, upon demand, to satisfy any rent reserved and due.

Landlord and Tenant Act of 1951, § 501, 68 P.S. § 250.501 (1965) (as affected April 28, 1978, effective June 27, 1978).

Appellants next contend that, notwithstanding the existence of the Landlord and Tenant Act of 1951, equity may nonetheless exercise jurisdiction in landlord and tenant cases where elements of fraud or decisions of intricate questions of law are involved. *See White v. Long*, 289 Pa. 525, 137 A. 673 (1927). This right to equitable relief, in a proper case, has been expressly affirmed. *See Bluestone v. DeRoy*, 298 Pa. 267, 148 A. 110 (1929); *Steiner v. Central T. R. T. Co.*, 274 Pa. 341, 118 A. 221 (1922); *Kaufmann v. Liggett*, 209 Pa. 87, 58 A. 129 (1904). Instantly, there is no allegation of fraud and, consequently, the right to equitable relief must depend upon whether the case is one involving intricate questions of law.

Originally, this exception in landlord and tenant cases was considered necessary, since an appeal to the court of common pleas from a summary judgment of possession in the magistrate's court was not a supersedeas. Landlord and Tenant Act of 1863, § 1, Dec. 14, P.L. 1125. *See Bluestone v. DeRoy*, 298 Pa. at 275, 148 A. at 112; *White v. Long*, 289 Pa. at 530, 137 A. at 675. Where the termination of a tenancy was in controversy and complicated questions of law were involved, the magistrate's right to adjudicate was considered properly limited by the issuance of an injunction to restrain any attempt to remove a tenant until the questions could be determined in a more competent tribunal. Under the present Landlord and Tenant Act, however, an appeal from a judgment of possession to the court of common pleas acts as a supersedeas. Landlord and Tenant Act of 1951, § 506, 68 P.S. § 250.506 (repealed April 28, 1978). *See* Pa.R.C.P. J.P. 1008, 1081(4). We are of the opinion, therefore, that equity should no longer exercise jurisdiction to restrain statutory landlord-tenant proceedings based on the exception that intricate legal questions are involved. Accordingly, we decline to disturb the decision below on this ground.[4]

4. In doing so, it is not our design to challenge the general principle that a court of equity has power to afford relief despite the existence of a legal remedy, when from the nature and complications of a given case, justice can best be reached by means of its flexible machinery.

For the reasons stated above, we agree with the trial court that the Landlord and Tenant Act of 1951, like its predecessors, provides a complete remedy at law as regards counts one and two of the complaint. Section 250.504 provides in part:

> On the day and at the time appointed or on any day to which the case may be enjoined, the justice of the peace shall proceed to hear the case. If it shall appear that the complaint has been sufficiently proven, the justice of the peace shall enter judgment against the tenant that the real property be delivered up to the landlord and for damages, if any, for the *unjust* detention of the demised premises, as well as for the amount of rent, if any, which remains due and unpaid and for costs of the proceeding.
>
> At the request of the landlord he shall, after the fifth day after the rendition of such a judgment, issue a writ of possession directed to the constable or sheriff commanding him forthwith to deliver actual possession of the real property to the landlord and also to levy the costs and amount of judgment for damages and rent, if any, on the tenant in the same manner as judgments and costs are levied and collected on writs of execution.
>
> If, however, it shall appear that the said complaint is vexatious and *unfounded*, then the justice of the peace shall dismiss the case and assess the costs against the landlord.

Landlord and Tenant Act of 1951, § 504, 68 P.S. § 250.504 (1965) (repealed April 28, 1978) (emphasis added). *See also* Pa.R.C.P.J.P. 514. The Act thus insures a suitable forum wherein a tenant may interpose any applicable defense or counterclaim to an action by a landlord to recover leased premises. *See* Pa.R.C.P.J.P. 504(4), 508.

 As was previously noted, appellants also sought compensatory and punitive damages for "severe nervous and

*See Pennsylvania Railroad Company v. Bogert*, 209 Pa. 589, 59 A. 100 (1904).

emotional shock and disorders of a neurological nature." The trial court concluded that appellants had an adequate remedy at law in the nature of a trespass action to recover such damages and, accordingly, sustained appellees' preliminary objections to this final count. It is true that a court of equity may award damages since, as a general principle, where it has obtained jurisdiction for one purpose it may retain it generally for purposes of granting complete relief. *Eble v. Jones*, 158 Pa.Super. 270, 44 A.2d 761 (1946).[5] However, in view of our holding that the trial court properly decided that it would be inappropriate to exercise its equitable jurisdiction in regard to counts one and two of appellants' complaint, there was no basis upon which to award damages. Therefore, the trial court's decision not to entertain this final count will not be disturbed.

The order of the trial court sustaining appellees' preliminary objections and dismissing appellants' complaint in equity is affirmed.

5. As has been frequently repeated by our appellate courts, "[to] prevent multiplicity of suits, the court will decree an account of the damages ... at the same time with an injunction, and proceed to make a complete decree, so as to settle the entire controversy between the parties." *Allison and Evans' Appeal*, 77 Pa. (27 Smith) 221 (1874).