## Edmonds v. Donald

*Geoffry Walsh,* for plaintiff.
*Craig Donald,* pro se.

PRATTIS, *J.,* October 10, 1984—In January, 1982, plaintiff leased a house located at 1333 South Melville Street, Philadelphia, Pa., from defendant, the owner of this property. The lease agreement was oral and provided that plaintiff pay a monthly rental of $125 due on the 15th of each month. On August 15, 1983, plaintiff made his rental payment, as he had been doing regularly since the inception of the lease arrangement, for the period from that date through September 15, 1983.

Approximately one week later, defendant asked plaintiff to move out and plaintiff agreed to do so by the 15th of September. On September 4, 1983, while plaintiff was not at home, defendant entered the house and changed the locks, thereby preventing plaintiff access to the house. On September 22, 1983, plaintiff's counsel filed a complaint and motion for a special injunction in the Court of Common Pleas of Philadelphia County, seeking an injunctive order compelling defendant to return to plaintiff possession of the leased premises and to refrain from any future self-help eviction activities. On that day, the Honorable Thomas White granted a special injunction. On September 28, 1983, the Honorable Richard Klein entered an interim order, requiring

the immediate return to plaintiff of all his personal possessions.

On October 12, 1983, at the hearing on entry of a permanent injunction, this court heard testimony on the matter and, thereafter, entered an order denying the request for a permanent injunction and dissolving the special injunction. On October 21, 1983, plaintiff's counsel filed exceptions to this order.

In order for an injunction to issue, there must be no adequate remedy at law, the need for injunctive relief must be clear and immediate and there will be irreparable injury if the injunction is not granted. See Roberts v. Board of Directors of School District of Scranton, 426 Pa. 464, 341 A.2d 475 (1975). All three of these requirements must be met before an injunction will be granted.

In the instant case, all three requirements have not been met. There is an adequate remedy at law — the Landlord and Tenant Act, 68 P.S. §360.101 et seq. Where a remedy is provided by statute, jurisdiction of the court of equity may not be invoked. Peitzman v. Seidman, 285 Pa. Super. 228, 427 A.2d 196 (1981). Under the act, plaintiff in this action can raise a defense or counterclaim against defendant's desires and efforts to repossess the premises.* Thus, the Landord and Tenant Act provides a com-

---

* Plaintiff in his brief states that defendant had used self-help eviction procedures which plaintiff contends were abolished with the enactment of the Landlord and Tenant Act. The Landlord and Tenant Act did not abolish the landlord self-help doctrine, but rather the courts have over the years eliminated the remedy of self-help for nonpayment of rent. Wofford v. Vavreck, 22 D.&C.3d 444 (1981). As the instant action does not involve the nonpayment of rent, self-help eviction procedures are not prohibited.

plete remedy thereby preventing this court from entertaining jurisdiction over this suit.

Notwithstanding the existence of the Landlord and Tenant Act, equity may nonetheless exercise jurisdiction in landlord and tenant cases where elements of fraud or decisions of intricate questions of law are involved. White v. Long, 289 Pa. 525, 137 Atl. 673 (1927). However, the instant action presents no allegation of fraud nor any intricate questions of law. Therefore, this exception to the general rule that equity will not take jurisdiction over a matter when an adequate remedy at law exists does not apply to this action.

Having determined that an adequate remedy at law exists, there is no need to analyze the existence or nonexistence of the other two requirements in deciding whether an injunction in the instant action should issue. This court of equity must not exercise jurisdiction in this suit. Accordingly, the request for a permanent injunction is denied.

## ORDER

And now, this October 10, 1984, upon consideration of plaintiff's exceptions, it is hereby ordered and decreed that said exceptions are denied and plaintiff's request for a permanent injunction is denied.