748 A.2d 667

**STELLAR CONSTRUCTION, INC., Appellee,**

v.

**Ronald SBORZ and Pat Sborz, Individually and t/a Keystone Meats, Appellants.**

Supreme Court of Pennsylvania.

Submitted Feb. 1, 2000.

Decided March 23, 2000.

---

**6.** Because of this holding, we will not address appellant's other arguments.

Mark Semanchik, Lipkin Marshall Bohorad Thornburg, Pottsville, for Ronald and Pat Sborz.

Kent H. Herman, King McCardel Herman Freund Olexa, Allentown, for Stellar Const., Inc.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## *OPINION*

SAYLOR, Justice.

The issue presented is whether, following issuance of an award in a compulsory judicial arbitration proceeding, the thirty-day period within which a notice of appeal may be filed commences when entry is made on the docket concerning such issuance, or upon entry of the required notation regarding provision of notice.

Appellee, Stellar Construction, Inc. ("Stellar"), initiated an action for breach of contract against Appellants, Ronald Sborz

and Pat Sborz, individually and trading as Keystone Meats (collectively, "Keystone"), arising from a construction dispute over payment for demolition and reconstruction efforts expended by Stellar connected with a collapsed Keystone building. The matter proceeded to compulsory judicial arbitration pursuant to Pennsylvania Rules of Civil Procedure 1301–1361. On August 7, 1997, a board of arbitrators issued an award in favor of Stellar and against Keystone in the amount of $55,-782.62, plus interest and costs, and the clerk of courts made a contemporaneous entry on the docket reflecting such issuance.[1] On August 11, 1997, the clerk provided notice to the parties and, apparently, made a docket entry concerning the provision of notice on even date.[2] Although Keystone failed to lodge an appeal in the common pleas court (functioning as a statutory appeals court vested with the authority to conduct a trial *de novo*) within thirty days after the physical entry of the award on the docket, it filed a notice of appeal on September 10, 1997, within thirty days after the docketing of the notice. Thereafter, Stellar filed a motion to quash the appeal as untimely, which the common pleas court granted on the basis that the August 7th notation concerning the issuance of the award triggered the commencement of the thirty-day appeal period. A molded judgment in the amount of $67,595.69 was entered against Keystone, and Keystone filed a notice of appeal in the Superior Court, which affirmed in an unpublished opinion for the reason identified by the common pleas court.[3]

1. In the Court of Common Pleas for Lehigh County, the functions of the prothonotary are performed by a clerk of courts pursuant to local home rule charter.

2. The pertinent docket entry follows the August 7th notation concerning issuance of the award and reads "AWARD NOTICE EXIT 8/11/97."

3. In its memorandum opinion, the Superior Court also considered an issue concerning the timing of the entry of the molded judgment, deeming such entry premature as the common pleas court entered the judgment prior to the entry of its order quashing Keystone's appeal. Thus, the Superior Court held that the judgment itself was void and must be stricken. The Superior Court's decision in this regard has not been questioned in this appeal. We note, however, that, although the Superior Court's order struck the judgment, the present appeal contains a live controversy, since the Superior Court's order did not

Presently, Keystone maintains its argument that the period allowed for appeal does not commence until an entry is made upon the docket confirming that the required notice has been provided to the parties. In significant part, Keystone relies upon Pennsylvania Rule of Appellate Procedure 108(b), which establishes such a rule with respect to appeals lodged in the appellate courts, contending that this rule is also directly applicable to appeals to the common pleas courts, as it applies by its terms to any matter subject to the Pennsylvania Rules of Civil Procedure. Stellar emphasizes the jurisdictional nature of the time limits established for the filing of a notice of appeal; argues that the express scope of the Rules of Appellate Procedure is limited to the governance of appeals lodged in the *appellate* courts; and notes the absence of a corollary to Rule 108(b) within the Pennsylvania Rules of Civil Procedure, which expressly govern review by the *common pleas* courts of awards in matters subject to compulsory judicial arbitration.

Pennsylvania Rule of Civil Procedure 1308 establishes the procedure for appeal of an award in a matter of compulsory judicial arbitration, providing that such an appeal shall be taken by, *inter alia*, filing a notice of appeal with the prothonotary of the court in which the action is pending "not later than thirty days after the entry of the award on the docket." Pa.R.C.P. No. 1308(a)(1).[4] The Rules of Civil Procedure provide no explicit elaboration concerning the circumstances under which an award is be deemed entered for purposes of Rule 1308(a)(1). Such elaboration exists, however, both as a matter of rule for purposes of appeals filed in the appellate courts, and by virtue of legislative enactment with respect to appeals from certain other orders. With regard to appeals filed in the

undermine the underlying arbitration award, on which a proper judgment may ultimately be entered once the matter has ripened.

4. The thirty-day time period derives, in the first instance, from Section 5571(b) of the Judicial Code, 42 Pa.C.S. § 5571, which provides, as a general rule, that appeals from tribunals or governmental units to a court must be commenced within thirty days after the entry of the order from which the appeal is taken. *See generally* Pa.R.C.P. No. 1308, Explanatory Note. Pursuant to Section 7361 of the Judicial Code, 42 Pa.C.S. § 7361, an award of arbitrators expressly constitutes an order of a tribunal for purposes of Section 5571.

Supreme Court, the Superior Court and the Commonwealth Court, this Court has defined the date of entry of an order as "the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b)." Pa.R.A.P. 108; *see also Frazier v. City of Philadelphia,* 557 Pa. 618, 621–22, 735 A.2d 113, 115 (1999).[5] With regard to certain other orders, the General Assembly has established a thirty-day time frame for appeal, 42 Pa.C.S. § 5571(b); provided for the commencement of such period upon the entry of the order from which the appeal is taken, *id.;* and defined the time of the entry of the order as "[t]he date of service of [the] order . . ., which shall be the date of mailing if service is by mail," 42 Pa.C.S. § 5572.[6]

Thus, in predominate contexts in which explicit definition has been given to the time of entry for an order for the purpose of determining the commencement of the period allowed for appeal, both the General Assembly and this Court have evinced an intent to condition such entry upon compliance of the court, agency or tribunal with its obligation to provide notice to the parties. Stellar offers no policy applicable to compulsory judicial arbitration which would require a different definition, nor do we discern any such policy upon independent consideration. Indeed, the obligations of the prothonotary to provide notice immediately and make a corre-

---

5. The Court's authority to promulgate such rule derives from its general rulemaking powers, and, more specifically, from Section 5571(a) of the Judicial Code, 42 Pa.C.S. § 5571(a), which vests this Court with the particular authority to prescribe general rules governing the time for filing of appeals to the Pennsylvania appellate courts. *See generally* Pa.R.A.P. 108, Note. Given this derivation, although Rule 108, by its terms, might be deemed to apply to any matter subject to the Pennsylvania Rules of Civil Procedure, it is preferable to limit its direct reach, in accordance with the express scope of the Rules of Appellate Procedure, to the governance of practice in the appellate courts. *See* Pa. R.A.P. 103.

6. The thirty-day time period established by the General Assembly applies generally to appeals from both tribunals (which, as previously noted, includes panels administering compulsory judicial arbitration) and government units to the courts. *See* 42 Pa.C.S. § 5571(b). For reasons that are unclear, however, in specifying in Section 5572 that the date of the entry of an order is the date of its service, the Legislature referred only to orders of governmental units.

sponding entry upon the docket are juxtaposed with its duty to make record entry of an arbitration award within Rule of Civil Procedure 1307.

In furtherance of clarity, certainty and ease of determination, *see Frazier*, 557 Pa. at 621–22, 735 A.2d at 115, we hold that the date of entry of an order for purposes of Pennsylvania Rule of Civil Procedure 1308 shall mean the day on which the prothonotary fulfills its duty to make the required notation on the docket reflecting that notice of entry of the arbitration award has been provided as required by Rule 1307(a)(3).[7]

The order of the Superior Court is reversed, and the matter is remanded for further proceedings consistent with this opinion.

**7.** As a practical matter, this date should ordinarily correspond to the date on which the award is physically entered of record upon the proper docket, since, as previously noted, the prothonotary is obliged to provide notice to the parties "immediately." *See* Pa.R.C.P. No. 1307(a)(2).