J-S40031-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WILLIAM TOWNE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOHN HANCOCK AND HANCOCK | : | No. 1797 WDA 2018 |
| CONTRACTING, INC. | : | |

Appeal from the Order Entered November 20, 2018
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  AR 17-003961

BEFORE:  BENDER, P.J.E., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:                    **FILED AUGUST 08, 2019**

William Towne (Towne), *pro se*, seeks review of an order entered in the Allegheny County Court of Common Pleas (Court of Common Pleas) denying as untimely his motion for acceptance of filing a notice of appeal following an arbitration.  We reverse the order and hold that Towne's notice was timely filed.

The following facts are gleaned from the certified record.  This case began with a dispute between Towne and John Hancock/Hancock Contracting, Inc. (Hancock), who Towne had hired to make home improvements.  Initially, Towne obtained a judgment against Hancock in the Magisterial District Court. The case then proceeded to compulsory judicial arbitration before a board of arbitrators.  **See** Pa.R.C.P. 1305.

_____
* Retired Senior Judge assigned to the Superior Court.

On September 12, 2018, following an arbitration hearing, Hancock prevailed. The award itself bore that date (September 12, 2018) and contained a "Notice of Entry of Award" which stated that it had been "entered upon the docket and notice thereof given by mail to the parties or their attorneys." Consistent with the award, the case docket has an entry dated September 12, 2018, reading, "Notice of award sent." However, the envelope sent from the prothonotary[1] to Towne containing notice that the award had been entered against him shows a postmark date of September 14, 2018.

Towne mailed his notice of appeal to the Court of Common Pleas on October 8, 2018, but it was not received until October 15, 2018.[2] *See* Pa.R.C.P. 1311(a) (providing that appeal from arbitration shall take the form of a trial *de novo*, with no evidentiary limitations). The prothonotary refused to recognize the filing of the appeal because the notice was received over 30 days after the arbitration award had been entered in the docket. Towne moved the Court of Common Pleas to accept his notice of appeal as timely, arguing in part as follows:

> As per standard practice, the decision of the arbitrators was not announced at arbitration but only made available through a mailing of the decision afterward. As shown on the envelope used

---

[1] In Allegheny County, the Office of the Prothonotary, the Clerk of Courts, and the Register of Wills have been consolidated into the Department of Court Records (the Department). When we refer to "the prothonotary" here, it is a reference to the Department.

[2] Towne and the Court of Common Pleas both complied with Pa.R.A.P. 1925.

for mailing the decision, the envelope was not meter-stamped until September 14, 2018, and therefore could not have been mailed out until on or after September 14, 2018.

Motion for Acceptance of Filing, 11/5/2018, at ¶ 2. The motion was denied. *See* Court of Common Pleas Order, 11/20/2018. Towne timely appealed its denial and this appeal followed.

The Court of Common Pleas explained in its 1925(a) opinion that Pa.R.C.P. 1308 "requires that an appeal from an arbitration award be filed 'not later than thirty days after the day on which the prothonotary makes the notation on the docket that notice of the entry of the arbitration award has been provided.'" 1925(a) Opinion, 1/3/2019, at 2-3. Since the award was entered in the docket on September 12, 2018, the Court of Common Pleas reasoned that Towne had failed to file his notice of appeal within the deadline of October 12, 2018. *Id*.

In his brief, Towne asserts the following issues for our consideration:

1. Following issuance of an award in a compulsory judicial arbitration proceeding, does the thirty-day appeal period commence upon the date . . . of the decision, or the date when notice is mailed?

2. May a Court "sit on" or retain documents for as much time as it likes, to the extent where a party to a case may lose rights as a result?

3. Does the state retaining documents in advance of mailing, in a way that limits or prevents a recipient's ability to request a civil trial, violate or infringe upon [constitutional rights]?

4. Do the facts of this case present a "fraud or breakdown in court operations" or "non-negligent circumstances" permitting filing of the appeal which the lower court denied?

- 3 -

5. Does PA Rule of Appellate Procedure 121 offer guidance applicable to an appeal from a board of arbitration?

Appellant's Brief, at 7-8.[3]

We find the first of the above issues to be dispositive and reverse the order on review on that ground. Crucially, Towne appealed from the denial of an arbitration award and, as such, Pennsylvania Rules of Civil Procedure 1307(a)(3) and 1308(a)(1) govern the timeliness of the notice of appeal now in dispute.

Rule 1308(a)(1) provides that a notice of appeal must be filed with the prothonotary "not later than thirty days after the day on which the prothonotary makes the notation on the docket that notice of entry of the arbitration award has been provided as required by Rule 1307(a)(3)." Rule 1307(a)(3) provides that when entering the arbitration award in the docket, the prothonotary "shall . . . note in the docket the date of mailing the notice."

In this case, the prothonotary entered the arbitration award into the docket on September 12, 2018. Despite noting in that entry, "Notice of award sent," the notice was not mailed until two days later, on September 14, 2018. By setting forth the incorrect mailing date in the docket entry, the prothonotary failed to comply with Rule 1307(a)(3). **_See generally Stellar Construction, Inc. v. Sborz_**, 748 A.2d 667, 669 (Pa. 2000) (holding that

---

[3] Hancock did not file an appellate brief.

when entry of an order commences the period for filing an appeal, the date of entry is defined as "[t]he date of service of [the] order . . ., which shall be the date of mailing if service is by mail, 42 Pa.C.S. § 5572."). Accordingly, because September 12, 2018, was the incorrect mailing date, the docket entry did not commence the 30-day filing period.[4]

The period for filing the notice could begin no sooner than September 14, 2018, the date notice was mailed to the parties pursuant to Rule 1307(a)(3). **See Stellar**, 748 A.2d at 669. This gave Towne until October 15, 2018, to file his notice of appeal because the 30th day after the start date (October 14, 2018) fell on a Sunday, which is excluded from the computation of time. **See** Pa.R.C.P. 106(b) ("Whenever the last day of any such period shall fall on Saturday or Sunday . . . such a day shall be omitted from the computation."). Towne, in fact, filed his notice of appeal on the final day of the period and the Court of Common Pleas erred in denying Towne's motion to accept the filing as timely.

---

[4] Further, the prothonotary's docket entry on September 12, 2018, could not trigger the notice of appeal period because the erroneous mailing date evidenced a "breakdown in the court operations" which justifies the reinstatement of Towne's appellate rights. **See Union Elec. Corp. v. Bd. of Prop. Assessment**, 746 A.2d 581, 584 (Pa. 2000) ("[T]here is a breakdown in the court's operations where an administrative board or body is negligent, acts improperly or unintentionally misleads a party."); **Rothstein v. Polysciences, Inc.,** 853 A.2d 1072, 1075 (Pa. Super. 2004) ("Cases involving a breakdown in court operations often involve a failure on the part of the prothonotary to fulfill his or her ministerial duties, such as the filing of dispositions and other relevant information on the appropriate docket, or giving notice of these dispositions to interested parties[.]").

Order reversed. Case remanded for trial *de novo*. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/8/2019