## Godak v. Nationwide Insurance Co.

*Jay Feldstein*, for plaintiff.
*Patricia A. Monahan*, for defendant.

ORIE MELVIN, *J.*, April 1, 1997—The plaintiff Mary Godak filed a civil action to recover for alleged bad faith actions by the defendant Nationwide Insurance Company in connection with plaintiff's underinsured motorist claim. In pursuing this claim, plaintiff has filed a demand for jury trial. Defendant has moved to strike plaintiff's jury demand, alleging that plaintiff has no

right to a jury trial. This court agrees and, for the reasons to follow, will strike plaintiff's jury trial demand.

Very briefly, the facts of this case are that on January 24, 1994, plaintiff was a pedestrian crossing the street at an intersection in the downtown area of the City of Pittsburgh where she was struck by a car. At the time of the accident, the plaintiff's spouse carried liability insurance and underinsured motorist coverage with Nationwide. Plaintiff lived in the same household with her husband, who had elected the limited tort option. The tort-feasor who struck the plaintiff had insurance with Allstate Insurance Company in the amount of $15,000. Following the settlement of the third-party action with Allstate, plaintiff made a claim against Nationwide for underinsured motorist benefits. Plaintiff alleges that she made a demand from Nationwide, and they never made her an offer. Plaintiff avers that not only did Nationwide refuse to make an offer, but they refused to advise the plaintiff or her counsel of what, if any, defense Nationwide had to her claim. Eventually, plaintiff sought arbitration wherein she won an award in her favor in the amount of $45,000. Plaintiff now seeks additional recovery for bad faith from Nationwide.

Plaintiff's claim against Nationwide is based on 42 Pa.C.S. §8371, Act of February 7, 1990, P.L. 11, no. 6, which provides as follows:

"8371. Actions on insurance policies.

"In an action arising under an insurance policy, if the court finds that the insurer had acted in bad faith toward the insured, the court may take all of the following actions:

"(1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3 percent.

"(2) Award punitive damages against the insurer.

"(3) Assess court costs and attorney's fees against the insurer."

In determining whether to strike plaintiff's jury trial demand, this court recognizes that neither party submitted appellate authority directly on issue. All cases submitted were from courts of concurrent jurisdiction. Reviewing each of these cases, this court is most persuaded by the well-reasoned opinion of the Honorable Craig Lord of the Court of Common Pleas of Philadelphia County, cited in defendant's brief. In the case of *Terletsky v. Prudential* filed by Judge Lord on November 24, 1992 at 4329 February Term 1991, Judge Lord writes that:

"It has long been recognized that the Pennsylvania Constitution 'only preserves the right to trial by jury in those cases where it existed at the time the constitution was adopted.' . . . Jury trials are not available in proceedings created by statute unless the proceeding has a common-law basis or unless the statute expressly or impliedly so provides. *Murphy v. Cartex Corporation*, 377 Pa. Super. 181, 192, 546 A.2d 1217, 1222 (1988)."

Like Judge Lord, this court does not find anything in 42 Pa.C.S. §8371 which expressly or impliedly evidences a legislative intent to create a right to a jury trial for claims made pursuant to this statute. In fact, 42 Pa.C.S. §102 defines "court" for purposes of title 42 as "any one or more of the judges of the court who are authorized by general rule or rule of court, or by law or usage, to exercise the powers of the court in the name of the court." The prefatory language of section 102 of title 42 clearly mandates that the "words and phrases when used in this title *shall* have, unless the context clearly indicates otherwise, the meanings given to them in this section."

In determining matters of statutory construction, this court applies section 1921 of the Statutory Construction Act:

"1921. *Legislative intent controls*

"(a) The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all of its provisions.

"(b) When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."

The term "court" has a statutory definition under section 102, and it is not ambiguous.

Reading 42 Pa.C.S. §8371 in conjunction with the definition of "court" in 42 Pa.C.S. §102, it appears, in this court's opinion, that claims under section 8371 are to be determined by judges and not by juries.

Therefore, for the foregoing reasons, the motion to strike plaintiff's demand for jury trial was properly granted. Furthermore, this court recognizes that the following order involves a controlling question of law as to which there is a substantial ground for difference of opinion, and an immediate appeal from such order may materially advance the ultimate determination of the matter, and therefore, an appeal may be taken by permission under 42 Pa.C.S. §702(b).

## ORDER

And now, to-wit, April 1, 1997, upon consideration of defendant's preliminary objections in the nature of a motion to strike jury trial demand, it is hereby ordered that said motion is granted and plaintiff's demand for jury trial is stricken.