AND NOW, this 1st day of June, 2000, an Order and Rule to Show Cause having

Edward MISHOE, Respondent,

v.

ERIE INSURANCE COMPANY,
Petitioner.

Nancy L. Hamer, Respondent,

v.

Federal Kemper Insurance
Company, Petitioner.

Supreme Court of Pennsylvania.

June 6, 2000.

**402**

Thomas B. Schmidt, III, Donna L. Fisher, Randy L. Varner, Harrisburg, Joel D. Smith, York, for Erie Ins. Co.

Dara A. Decourcy, Pittsburgh, for Federal Kemper Ins. Co.

### ORDER

PER CURIAM:

AND NOW, this 6th day of June, 2000, the joint Petition for Allowance of Appeal is GRANTED and the matter is REMANDED to the Superior Court to reconsider whether 42 Pa.C.S. § 8371 grants a statutory right to a jury trial in light of our recent decision in *Wertz v. Chapman Township*, 559 Pa. 630, 741 A.2d 1272 (1999) (holding that there is no statutory right to jury trial under Pennsylvania Human Relations Act where statutory language speaks in terms of what "the court finds" and remedial action "the court" may take, where nothing in the legislative history indicated an intent to provide the right to a jury trial). If the Superior Court finds that the statute does not create a right to a jury trial in light of *Wertz*, it shall address respondents' alternative state constitutional argument. *See Wertz, supra*, at 1277–79 (setting forth constitutional analysis).