Edward MISHOE, Appellant,

v.

ERIE INSURANCE COMPANY,
Appellee.

Nancy L. Hamer, Appellant,

v.

Federal Kemper Insurance
Company, Appellee.

Superior Court of Pennsylvania.

Argued May 12, 1999.
Filed Oct. 31, 2000.

Joseph Roda, Lancaster, for Mishoe.

Thomas B. Schmidt, III, Harrisburg, for Erie Insurance.

Joseph J. Nypaver, Altoona, for Hamer.

Dara A. DeCourcy, Pittsburgh, for Federal Kemper.

Before POPOVICH, ORIE MELVIN, and BROSKY, JJ.

BROSKY, J.

¶ 1 These consolidated appeals have been remanded to this Court from the Pennsylvania Supreme Court [1] for a determination of a single narrow issue: whether a party is entitled to demand a jury trial in an action for bad faith against an insurer pursuant to 42 Pa.C.S.A. § 8371.

¶ 2 In our previous disposition, we briefly recounted the relevant facts as follows.
In the Lebanon County case, appellant Mishoe suffered significant injuries in an automobile accident in 1990. He recovered the full policy limits from the other driver's insurance company, and then made a claim for underinsurance benefits with appellee Erie Insurance Co., with whom he had his own insurance policy. Mishoe rejected Erie's settlement offer, and the parties proceeded to arbitration. The arbitrators entered an award in Mishoe's favor in an amount which was nearly ten times Erie's highest offer. Mishoe thereafter commenced an action in the trial court claiming, *inter alia*, bad faith on the part of Erie pursuant to Section 8371. In ruling on Erie's motion for partial summary judgment, the trial court entered an order striking Mishoe's jury trial demand.
The facts in the Blair County case are similar. Appellant Hamer was also involved in an automobile accident, was injured, and did recover the full policy limits from the other driver's insurance company. Thereafter Hamer made a claim for underinsurance benefits from appellee Federal Kemper Insurance Co., with whom she had her own automobile insurance policy. Hamer rejected Federal Kemper's offer of settlement, and also received an arbitration award in an amount which was more than thirteen times the offer made by Federal Kemper. An action pursuant to Section 8371 was subsequently filed, wherein Hamer requested a jury trial. The trial court determined that no right to a jury trial existed under that section.

*Mishoe v. Erie Insurance Co.*, 747 A.2d 426, 1578 HBG 1998 (unpublished memorandum filed August 20, 1999) at 2–3. Concluding that such a right does exist under the statute, we reversed the orders of the respective trial courts and remanded for further proceedings. On appeal to the Pennsylvania Supreme Court, the matter was remanded to this Court for reconsideration of our disposition in light of the recent Supreme Court decision in *Wertz v. Chapman Township*, 559 Pa. 630, 741 A.2d 1272 (1999).[2]

■ ¶ 3 Both actions were filed pursuant to Section 8371 of the Judicial Code, which provides as follows.

**§ 8371. Actions on insurance policies**

In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:

(1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.

(2) Award punitive damages against the insurer.

(3) Assess court costs and attorney fees against the insurer.

42 Pa.C.S.A. § 8371.

¶ 4 On its face, this section is clearly silent on the right to a jury trial. Appel-

1. *Mishoe v. Erie Insurance Co.*, 561 Pa. 604, 752 A.2d 401 (2000).

2. The Supreme Court further directed that, should we conclude no such right exists un-

der the statute in light of *Wertz*, we must go on to address the alternative constitutional argument raised by Appellants which we did not reach in our previous disposition.

lants have presented essentially the same arguments in support of their contention that a party does, nonetheless, have such a right in an action pursuant to Section 8371. We restate Appellants' arguments as follows.

1. Using principles of statutory construction the use of the word "court" in Section 8371 does not limit the determination to a judge rather than a jury.

2. The legislative intent is clearly to permit a jury determination in an action on an insurance policy claiming bad faith.

3. A contract action for money damages arises from common law and has typically been determined by a jury.

4. The public interest in deterring bad faith is served by permitting the determination of bad faith to be made by a jury.

5. Article I, Section 6 of the Pennsylvania Constitution mandates a jury trial where a common law right is at issue.

6. The Seventh Amendment of the United States Constitution provides for a jury trial in civil cases.

¶ 5 We note that no state appellate court in this Commonwealth has addressed the specific issue before us, although several common pleas courts have done so.[3] In addition, several federal courts have been presented with the question of whether a party has a right to a jury trial in a Section 8371 claim in *federal* court. In *Younis Brothers & Co., Inc. v. CIGNA Worldwide Insurance Co.*, 882 F.Supp. 1468 (E.D.Pa.1994), the district court concluded that no right to a jury trial was created by Section 8371, but that the Seventh Amendment of the U.S. Constitution

does afford a trial by jury in federal court. *Accord, Fahy v. Nationwide Mutual Fire Insurance Co.*, 885 F.Supp. 678 (M.D.Pa. 1995); *Klinger v. State Farm Mutual Automobile Insurance Co.*, 115 F.3d 230 (3rd Cir.1997). However, those cases addressed the issue of the right to a jury trial on a state statutory claim as a matter of federal law. As the *Fahy* court recognized, it is possible that a state law claim might entitle the parties to a jury trial in federal court, but not confer the same right if the issue were litigated in state court. *See also Wertz, supra*, 559 Pa. at 643 n. 5, 741 A.2d at 1279 n. 5 (noting that it is possible that a case which joins a PHRA claim with a federal claim would be heard by a jury, but that same case heard in state court would be heard only by a judge; but "such is one of the peculiarities of our system of federalism.") In addition, we also note that an interpretation of Pennsylvania law by a federal court may be persuasive where our own Supreme Court has not addressed the issue, but the same is not binding precedent. *Hoy v. Angelone*, 554 Pa. 134, 720 A.2d 745 (1998).

¶ 6 Our Supreme Court has, however, provided guidance for our analysis in *Wertz, supra*. There, the appellant sought relief for alleged discrimination pursuant to the Pennsylvania Human Relations Act (PHRA),[4] and demanded a jury trial. The court of common pleas denied the motion, and after trial entered a judgment in favor of the appellees. The Commonwealth Court vacated and remanded for a new trial, but affirmed the trial court's denial of a trial by jury under the PHRA. Our Supreme Court affirmed, concluding that a plaintiff does not have the right to a jury trial in a claim made pursuant to the PHRA, under either the Act or the Pennsylvania Constitution.

---

**3.** *See, e.g., Godak v. Nationwide Insurance Co.*, 145 P.L.J. 436, 35 Pa. D. & C.4th 481 (1997)(determining there is no right to jury trial in action under Section 8371); *Kehrer v. Nationwide Insurance Co.*, 25 D. & C. 4th 1 (1995) and *Via v. Donegal Mutual Insurance Co.*, 113 Dauphin Co. R. 408 (1993)(finding party was entitled to a jury trial under Section 8371).

**4.** 43 P.S. §§ 951–962.2.

¶ 7 In reaching this conclusion, the Supreme Court first conducted a statutory construction analysis,[5] beginning with a review of the applicable portion of the statute. In relevant part, the PHRA provides as follows.

> If the court finds the respondent has engaged in such discriminatory practices charged in the complaint, the court shall enjoin the respondent from engaging in such unlawful discriminatory practice and order affirmative action which may include ... legal or equitable relief as the court deems appropriate....

43 P.S. § 962(c)(3). The Court initially noted that the PHRA statute itself is silent on whether a right to jury trial exists, and stated that "we can presume that the General Assembly's express granting of trial by jury in some enactments means that it did not intend to permit for a jury trial under the PHRA." 559 Pa. at 634, 741 A.2d at 1274. It next explained that the legislature's use of the term "court" was significant, concluding that that specific word was strong evidence that "it is a tribunal, rather than a jury, that is to make findings and provide relief." *Id.*, 559 Pa. at 635, 741 A.2d at 1274 (quoting 1 Pa.C.S.A. § 1921(b), "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.") Lastly, the Court noted that the legislative history of the PHRA fails to provide any indication that the legislature intended for a plaintiff to have the right to a trial by jury. Additionally, the Court rejected the appellant's argument that the Act's provision of legal rather than equitable remedies necessarily means that she was entitled to a jury trial. In holding to the contrary, the Supreme Court stated:

> Based upon the legislature's silence on the issue of the availability of a jury trial, together with the affirmative use of the term 'court,' and the lack of any legislative history to the contrary, we conclude that the General Assembly did not intend for a plaintiff to have a right to trial by jury for claims under the PHRA.

*Id.*, 559 Pa. at 636, 741 A.2d at 1275. In the case *sub judice*, we must likewise first consider whether the statute under which Appellants make their claims provides for a jury trial.

¶ 8 Principles of statutory construction dictate that the court construe the words of a statute according to their plain meanings. 1 Pa.C.S.A. § 1903(a). "Every statute shall be construed, if possible, to give effect to all its provisions." 1 Pa.C.S.A. § 1921(a). With these principles in mind together with the Supreme Court's guidance in *Wertz*, we shall first address whether these Appellants have a statutory right to a jury trial.

■ ¶ 9 Section 8371, like the section of the PHRA interpreted in *Wertz*, is silent on whether a party has a right to a jury trial. We must therefore presume, as did the Supreme Court in *Wertz*, that the legislature did not intend to permit a jury determination of claims arising under Section 8371 since it has done so in various other enactments. *Id.*, 559 Pa. at 634, 741 A.2d at 1274 (citing to 50 P.S. § 944, relating to guardianship, and 23 Pa.C.S.A. § 4343, relating to paternity; *see also, e.g.,* 20 Pa.C.S.A. § 777, relating to estate administration and distribution, and 53 P.S. § 7182, relating to municipal liens.) Similarly, the use of the word "court" in Section 8371 provides an indication that the legislature did not intend this determination be made by a jury. *Id.* at 1274. Finally, the legislative history is also silent as to whether the General Assembly intended for a plaintiff to have such a right under Section 8371.

¶ 10 However, unlike the section of the PHRA interpreted in *Wertz*, there is a

---

5. "It is axiomatic that if an issue can be resolved on a non-constitutional basis, that is the more jurisprudentially sound path to follow." *Wertz*, 559 Pa. at 633, 741 A.2d at 1274; *see also Tull v. U.S.,* 481 U.S. 412, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987).

definitional section contained in the Judicial Code and applicable to Section 8371, which includes definitions of the terms "court" and "judge." That section provides in relevant part as follows.

## § 102. Definitions.

Subject to additional definitions contained in subsequent provisions of this title which are applicable to specific provisions of this title, the following words and phrases when used in this title shall have, unless the context clearly indicates otherwise, the meanings given to them in this section:

———

**"Court."** Includes any one or more of the judges of the court who are authorized by general rule or rule of court, or by law or usage, to exercise the powers of the court in the name of the court.

———

**"Judge."** Includes a justice of the Supreme court. Except with respect to [certain specified powers], the term includes a senior judge.

42 Pa.C.S.A. § 102. As set forth above, Section 8371 permits "the court" to award punitive damages, interest, costs, and attorney fees. Appellees urge a strict interpretation of the term "court" to refer only to the trial judge in Section 8371. Appellants, on the other hand, contend that such an interpretation of the term "court" is unduly restrictive, and should be read to mean "judge and jury." Careful review of these definitions reveals that Section 102 does not enable us to conclude, with certainty, whether a party is entitled to a jury trial under Section 8371. In fact, as we stated in our previous disposition, these particular definitions do not concretely "define" these terms, but rather merely provide exemplary guidance. Within the context of Section 8371, these "definitions" simply do not assist us in answering the question presented. We therefore must analyze this statute strictly according to the binding principles set forth by our Supreme Court in *Wertz*.

¶ 11 While Appellants are correct that the legislature could have used the term "judge" in place of the word "court" in Section 8371 if it did not intend a jury trial to be available thereunder, close examination of the statute under the principles in *Wertz* lead us to reject their argument. As in *Wertz*, the legislature chose to use the term "court" rather than include the word "jury." Use of this term provides evidence that "it is a tribunal, rather than a jury" which is to make the determination. *Id.*, 559 Pa. at 635, 741 A.2d at 1274. This strong indication which the Supreme Court found significant in *Wertz*, coupled with a lack of legislative history on the issue of a jury trial, as well as the presumption that the absence of an express grant of a jury trial means that the legislature did not intend to so provide, constrains us to conclude that a claimant seeking relief pursuant to Section 8371 is not entitled to a jury trial under the provisions of the statute. This conclusion is inescapable upon consideration of the analytical framework established by *Wertz*.

¶ 12 We shall, however, go on to briefly address Appellants' related argument that as a matter of ascertaining legislative intent, "the General Assembly intends to favor the public interest as against any private interest." 1 Pa.C.S.A. § 1922(5). Appellants assert that permitting jury trials in cases such as these would favor the public interest, but fail to explain why this should be so. We are not persuaded that we should accept this unsupported conclusion. As our Supreme Court explained in *Wertz*, our function is not to "sit as a super legislature." 559 Pa. at 643–44, 741 A.2d at 1279 n. 6. Rather, our power is limited to a determination of what the statute provides, regardless of whether we believe a trial by jury would be in the best interest of the public. We have concluded that Section 8371 does not so provide, and thus reject Appellants' statutory argument.

¶ 13 We next turn to the issue of whether a plaintiff is nevertheless entitled to a

jury trial pursuant to Article I § 6 of the Pennsylvania Constitution:

Trial by jury shall be as heretofore and the right thereof remain inviolate.

PA. CONST. art. 1, § 6. The right to trial by jury was acknowledged at common law, and has traditionally been applied to cases where the injury suffered is one which was recognized at common law. *Blum v. Merrell Dow Pharmaceuticals, Inc.*, 534 Pa. 97, 626 A.2d 537 (1993). "It has long been recognized that the Pennsylvania Constitution [Article 1, § 6] 'only preserves the right to trial by jury in those cases where it existed at the time the Constitution was adopted.' Jury trials are not available in proceedings created by statute unless the proceeding has a common law basis or unless the statute expressly or impliedly so provides." *Commonwealth v. One 1984 Z-28 Camaro Coupe*, 530 Pa. 523, 527, 610 A.2d 36, 38 (1992) (citations omitted).

¶ 14 As our Supreme Court explained in *Wertz,*

In the absence of a statutory basis for a trial by jury, the next inquiry for a reviewing court is whether there existed the particular cause of action at the time of the adoption of the constitution, and if so, whether there existed a concomitant right to a jury trial. Only then does the court consider the third inquiry of whether there is a common law basis for the proceeding.

559 Pa. at 639, 741 A.2d at 1277. We have previously set forth our conclusion that no such statutory right to a jury trial exists pursuant to Section 8371. We thus proceed to the second prong to determine whether this particular cause of action existed at the time of the adoption of the Pennsylvania Constitution in 1790.

¶ 15 In *Blum, supra,* our Supreme Court explained that historically, constitutional language regarding preservation of the right to trial by jury has "looked to preservation, not extension." *Blum,* 626 A.2d at 544 (quoting *Byers and Davis v. Commonwealth,* 42 Pa. 89, 94 (1862)). Contrary to Appellants' characterization of the within action as simply an "action on an insurance contract," we are not so persuaded. Indeed, we recently acknowledged quite the opposite to be the law of this Commonwealth:

In interpreting [Section 8371], this Court has consistently held that claims brought thereunder are distinct from the underlying contractual insurance claims from which the dispute arose. Rather § 8371 provides an **independent** cause of action to an insured that is not dependant upon success on the merits, or trial at all, of the contract claim.

*Nealy v. State Farm Mutual Automobile Insurance Co.,* 695 A.2d 790, 792–93 (Pa.Super.1997), *appeal denied,* 553 Pa. 690, 717 A.2d 1028 (1998) (citations omitted)(emphasis added). *Accord, Polselli v. Nationwide Mutual Fire Insurance Co.,* 126 F.3d 524, 529 (3rd Cir.1997)("Pennsylvania courts have interpreted section 8371 to create 'a cause of action that exists separately and independently from a claim on the insurance contract itself.'") (citations omitted); *General Accident Insurance Co. v. Federal Kemper Insurance Co.,* 452 Pa.Super. 581, 682 A.2d 819 (1996)(same). We conclude that a cause action pursuant to Section 8371 did not exist at the time of the adoption of the Pennsylvania Constitution, but rather provided a new and independent form of action against an insured. Thus this second prong must be answered in the negative.

¶ 16 Appellants, however, also urge us to consider the nature of the relief requested by their jury trial demand, punitive damages, which have traditionally been awarded by juries. Once again, however, our Supreme Court has clearly rejected such an approach.

[T]his court has viewed the proper analysis under the Pennsylvania constitution to consist of, *inter alia,* an inquiry into whether the a[sic] jury trial existed for the cause of action at common law at the time of the adoption of our Constitution.... [T]his court has eschewed a

focus on the remedy sought and has embraced a view which looks to the cause of action in determining the right of a jury trial pursuant to Article I, Section 6 of our Constitution.

*Wertz, supra,* 559 Pa. at 641–42, 741 A.2d at 1278.

¶ 17 The underlying cases in this appeal are not simply actions on an insurance policy. Rather, these are actions filed pursuant to the statutorily created remedy set forth in Section 8371 of the Judicial Code, which was not cognizable until its 1990 enactment. We may not extend the protection of a right to trial by jury; we are limited to preservation of that which existed prior to 1790. *Blum, supra.* Because these are not claims which existed at the time of the adoption of the Pennsylvania Constitution, they are therefore not the type of claims requiring a trial by jury. *See Wertz, supra,* 559 Pa. at 640, 741 A.2d at 1277. Because we reach this conclusion, we need not address the third prong of whether there is a common law basis for this particular proceeding.[6]

¶ 18 Finally, to the extent that Appellants continue to argue that a jury trial is mandated by the Seventh Amendment to the U.S. Constitution, we note that the Pennsylvania Supreme Court made clear in *Wertz* that such a contention is without merit. In recognizing that the appellant in *Wertz* did not make this particular argument, the Court stated that she could not have done so, "as the Seventh Amendment is applicable only to federal court proceedings." 559 Pa. at 636 n. 3, 741 A.2d at 1275 n. 3 (citation omitted); *accord, City of Monterey v. Del Monte*

*Dunes at Monterey, Ltd.,* 526 U.S. 687, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999). *See also Nealy, supra,* 695 A.2d at 793 ("[W]e find persuasive several well-reasoned federal decisions which have held that, because § 8371 authorizes the imposition of punitive damages, the seventh amendment to the federal constitution entitles a plaintiff to demand a jury trial in **federal** court.")(Emphasis added.)

¶ 19 We thus hold that a litigant to a claim under Section 8371 does not have the right to demand a jury trial. In so holding, we do not ignore previous decisions by this Court addressing issues related to Section 8371 following a jury determination of those claims. For example, in *O'Donnell v. Allstate Insurance,* 734 A.2d 901 (Pa.Super.1999), a panel of this Court addressed the issue of the proper scope of evidence presented to a jury in a bad faith claim pursuant to Section 8371. In a case of first impression, we decided in *O'Donnell* that Section 8371 should be construed broadly to permit evidence regarding the conduct of the insurer beyond the actual denial of a claim, i.e., to include conduct during litigation evidencing bad faith. We were not, however, presented squarely with the issue of the right to a jury trial.

¶ 20 Similarly, in *The Birth Center v. St. Paul Companies, Inc.,* 727 A.2d 1144 (Pa.Super.1999), *appeal granted,* 560 Pa. 633, 747 A.2d 858 (2000), the trial court granted a judgment notwithstanding the verdict following a jury trial, thereby obviating the need to address the remedies permitted by the statute. On appeal, this court reversed and remanded to the trial court for a determination of costs, attorney fees, and interest under Section 8371, stating:

---

6. We do, however, recognize that there exists no common law remedy for a claim for bad faith against an insurer in this Commonwealth. *D'Ambrosio v. Pennsylvania National Mutual Casualty Insurance Co.,* 494 Pa. 501, 431 A.2d 966 (1981); *Terletsky v. Prudential Property & Casualty Insurance Co.,* 437 Pa.Super. 108, 649 A.2d 680 (1994). *See also Williams v. Nationwide Mutual Insurance Co.,* 750 A.2d 881, 886 (Pa.Super.2000)("common

law claims for bad faith on the part of insurers are not remediable in Pennsylvania.") However, as the Supreme Court explained in *Wertz,* we do not reach the question of whether there is such a common law basis where we have determined that the particular cause of action did not exist at the time of the adoption of the Pennsylvania Constitution. 559 Pa. at 640, 741 A.2d at 1277.

We remand this matter to the trial court because, traditionally, the determination of the amount of attorney's fees and interest awarded is left to the trial judge. However, we do not mean to imply that the statute requires the trial judge to determine all damages under the statute. To the contrary, we think that the term "court" is used in the statute in a generic sense, and presumes the assignment of duties to the judge and/or jury in the traditional manner of practice.

*Id.* at 1160, n. 10. Once again, the issue of the right to a jury trial was not squarely presented to this Court.[7] Longstanding prior practice notwithstanding, we must conclude that under *Wertz*, a party to a proceeding under Section 8371 does not have the right to demand a jury trial.

¶ 21 Having concluded that Appellants do not have a statutory nor a constitutional right to a jury trial in these cases, the orders appealed from must be affirmed.

¶ 22 Orders affirmed.

---

7. We also emphasize that the bench and bar of this Commonwealth have only recently had the additional benefit of our Supreme Court's guidance in *Wertz, supra.*