## Terrick v. PNC Bank

C.P. of Allegheny County, no. AR00-6044.

*Andrew G. Sykes,* for plaintiff.
*Gregory A. Miller,* for defendant.

WETTICK, *J.,* December 6, 2001—Plaintiff's petition for attorneys' fees is the subject of this opinion and

order of court. The issue raised through this petition is whether a board of arbitrators may consider a claim for counsel fees based on a statute which provides for a "court" to award counsel fees to the prevailing party.

Plaintiff filed a complaint in the arbitration division of this court for unpaid wages and supplements ($5,839.31) plus 25 percent liquidated damages ($1,459.31) and counsel fees. On June 11, 2001, the board of arbitrators entered the following award:

"Award in favor of plaintiff and against defendant in the amount of $795.14 and no attorney fees or liquidated damage." Neither party filed an appeal.

On July 23, 2001, plaintiff filed in the common pleas court a petition for attorneys' fees accompanied by an affidavit in which plaintiff's counsel avers that he spent 18.2 hours on the case and seeks $150 per hour ($2,730).[1] Plaintiff contends that a judge must consider his petition because a board of arbitrators has no authority to award counsel fees.

The claims that plaintiff included in his complaint for liquidated damages and counsel fees are provided for in the Wage Payment and Collection Law. Under 43 P.S. §260.9a(b), an employee may maintain in any court of competent jurisdiction an action to recover unpaid wages and liquidated damages. Under 43 P.S. §260.9a(f), the "court in any action brought under this section shall, in addition to any judgment awarded to the plaintiff or plain-

---

1. In this case, plaintiff is not seeking to mold the arbitration award pursuant to Pa.R.C.P. 1307(d). An application to mold an award must be filed within 30 days. Furthermore, a mistake of law is not a basis for molding a compulsory arbitration award.

tiffs, allow costs for reasonable attorneys' fees of any nature to be paid by the defendant." Under 43 P.S. §260.10, where wages remain unpaid and there is no good faith contest or dispute of any wage claim, "the employe shall be entitled to claim, in addition, as liquidated damages an amount equal to 25 percent of the total amount of the wages due, or $500, whichever is greater."

Plaintiff's argument, that only a common pleas court judge may consider his claim for counsel fees, is based on the language of section 260.9a(f) that the "court" shall award reasonable attorneys' fees.[2] According to plaintiff, the legislature used the word "court" to mean that a judge must decide this claim. I find no merit to this proposed construction of the Wage Payment and Collection Law.

The relevant provision of the Judicial Code governing compulsory arbitration reads as follows (42 Pa.C.S. §7361):

*"Section 7361. Compulsory arbitration*

*"(a) General rule.*—Except as provided in subsection (b), when prescribed by general rule or rule of court such civil matters or issues therein as shall be specified by rule shall first be submitted and heard by a board of three members of the bar of the court.

*"(b) Limitations.*—No matter shall be referred under subsection (a):

"(1) which involves title to real property; or

---

2. The Wage Payment and Collection Law does not define the term "court." Also, the term "court" is not defined by the Statutory Construction Act of 1972. See 1 Pa.C.S. §1991.

"(2) where the amount in controversy, exclusive of interest and costs, exceeds: .

"(i) $50,000 in judicial districts embracing first, second, second class A or third class counties or home rule counties which but for the adoption of a home rule charter would be a county of one of these classes; or

"(ii) $25,000 in any other judicial district."

Nothing in the language of this law suggests that statutory claims for counsel fees cannot be submitted to a board of arbitrators; to the contrary, section 7361(a) states that any civil matters or issues therein that are not covered in section 7361(b) may be first heard by a board of arbitrators.[3] Since the purpose of compulsory arbitration is to create a procedure for resolving smaller claims promptly, fairly, and with minimal judicial involvement, the legislature would not have required, in this legislation or in any other laws, separate supplemental proceedings after the entry of the arbitration award.

Also, a requirement of supplemental proceedings before a judge creates obvious problems with respect to when the appeal period begins to run. A party has a right to file an appeal after the outstanding claims have been resolved. See Rule 1306 which provides that the arbitration award "shall dispose of all claims for relief." However, the provisions of 42 Pa.C.S. §§5571 and 7361(d) require that an appeal be filed within 30 days after the

---

3. Pa.R.C.P. 1301 permits each common pleas court to determine, by local rule, those matters that will be submitted to compulsory arbitration. A local rule of this court provides for a board of arbitrators to decide any civil matters and issues permitted by 42 Pa.C.S. §7361 where the amount in controversy does not exceed $25,000.

entry of the arbitration award (see *Stellar Construction Inc. v. Sborz,* 561 Pa. 124, 127-28, 748 A.2d 667, 669 (2000)).

Finally, the Wage Payment and Collection Law is one of many laws providing for the award of liquidated damages and/or counsel fees to persons who lack bargaining power. Some laws, such as the Wage Payment and Collection Law, provide for the "court" to award counsel fees. Other laws use different language:

(a) Automobile Lemon Law, 73 P.S. §1958 (a purchaser of a new vehicle who suffers any loss due to a nonconformity "may bring a civil action in a court of common pleas and, in addition to other relief, shall be entitled to recover reasonable attorneys' fees and all court costs");

(b) Plain Language Consumer Contract Act, 73 P.S. §2207 (a creditor who does not comply with the test of readability "is liable to the consumer for" any actual loss, statutory damages of $100, court costs, "[r]easonable attorney fees" and any "equitable or other relief ordered by the court");

(c) Motorized Wheelchair Warranty Act, 73 P.S. §2237 ("a consumer may bring an action to recover for any damages caused by a violation of this Act [and t]he court shall award a consumer who prevails in such an action twice the amount of any pecuniary loss, together with costs, disbursements and reasonable attorney fees, and any equitable relief that the court determines is appropriate");

(d) Hearing Aid Sales Registration Law, 35 P.S. §6700-608 ("Any buyer injured by a violation of this Act may bring an action for the recovery of damages.

Judgment may be entered for three times the amount at which the actual damages are assessed, plus reasonable attorney fees.");

(e) Motor Vehicle Financial Responsibility Law, 75 P.S. §1797(b)(6) (the insurer must pay to the provider the outstanding amount plus interest at 12 percent, as well as the costs of the challenge and all attorney fees, if "a court determines that medical treatment or rehabilitative services or merchandise were medically necessary") and 75 P.S. §1798(b) (an insurer, found to have acted with no reasonable foundation in refusing to pay a benefit when due, "shall pay, in addition to the benefits owed and interest thereon, a reasonable attorney fee based upon actual time expended"); and

(f) Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201-9.2(a) ("The court may, in its discretion, award up to three times the actual damages sustained . . . and may provide such additional relief as it deems necessary or proper. The court may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees.").

It is clear from this review of various laws protecting persons who lack bargaining power that the legislature is using the term "court" in a generic sense. A provision in a law that the "court" shall award counsel fees is one of several wordings that the legislature is using to create a right to counsel fees. Other wordings used to create a right to counsel fees include a statement that a person who suffers a loss shall be entitled to counsel fees (see e.g., the Automobile Lemon Law—73 P.S. §1958), a statement that a person violating the law shall pay a rea-

sonable attorney fee (see *e.g.,* Motor Vehicle Financial Responsibility Law—75 P.S. §1797); and a statement that a judgment may be entered for damages and attorney fees (see *e.g.,* Hearing Aid Sales Registration Law— 35 P.S. §6700-608).

Two recent cases have considered the legislature's use of the term "court." The legislation governing actions on insurance policies (42 Pa.C.S. §8371) provides that "if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions: . . . ." In *Mishoe v. Erie Insurance Company,* 762 A.2d 369 (Pa. Super. 2000), *appeal granted,* 566 Pa. 666, 782 A.2d 547 (2001), the Superior Court addressed the issue of whether this legislation permitted a party to have its claim decided by a jury. The court ruled that the term "court" does not have a fixed meaning:

"Appellees urge a strict interpretation of the term 'court' to refer only to the trial judge in section 8371. Appellants, on the other hand, contend that such an interpretation of the term 'court' is unduly restrictive, and should be read to mean 'judge and jury.' Careful review of these definitions reveals that section 102 does not enable us to conclude, with certainty, whether a party is entitled to a jury trial under section 8371. In fact, as we stated in our previous disposition, these particular definitions do not concretely 'define' these terms, but rather merely provide exemplary guidance. Within the context of section 8371, these 'definitions' simply do not assist us in answering the question presented. We therefore must analyze this statute strictly according to the binding principles set forth by our Supreme Court in *Wertz.*" 762 A.2d at 373.

Ultimately, the Superior Court decided that a party seeking relief pursuant to section 8371 is not entitled to a jury trial. The court relied on a ruling of the Pennsylvania Supreme Court (*Wertz v. Chapman Township*, 559 Pa. 630, 741 A.2d 1272 (1999)) which addressed the issue of the right to a jury trial where relief is sought for alleged discrimination pursuant to the Pennsylvania Human Relations Act which provides that a "court" shall issue injunctive relief and order affirmative relief as the court deems appropriate. In that case, the Supreme Court ruled that the legislature's use of the term "court" in a law providing for an award of legal relief incidental to and intertwined with injunctive relief is "strong evidence that under the PHRA, it is a tribunal, rather than a jury, that is to make findings and provide relief." *Id.* at 634-35, 741 A.2d at 1274.

In these two recent cases, the appellate courts were considering whether the term "court" was referring to a tribunal or whether the term should be read to include "jury." [4] In the present case, the issue is whether the term "court" means only a judge of a common pleas court or whether it also includes judicial officers of the common pleas court appointed pursuant to a legislative act.

The two recent cases make it clear that the legislature's use of the term "court" does not decide this issue. Courts,

---

4. The Judicial Code defines a tribunal as a "court, district justice or other judicial officer vested with the power to enter an order in a matter" and a judicial officer as including "appointive judicial officers." 42 Pa.C.S. §102. A lawyer appointed by a court to serve as an arbitrator in a compulsory arbitration proceeding is an "appointive judicial officer." *Turner v. May Corp.*, 285 Pa. Super. 241, 253, 427 A.2d 203, 209 (1981).

instead, shall consider all relevant circumstances in determining legislative intent. In this case, for the reasons that I have discussed, the intent is obvious. The legislature would have intended to make the compulsory arbitration procedure that is designed to promptly and efficiently resolve smaller claims available to plaintiffs raising statutory claims under legislation providing remedies to consumers and employees. The legislature did not create the two-step proceeding which plaintiff proposes.

For these reasons, I enter the following order of court:

## ORDER

On December 6, 2001, it is ordered that plaintiff's petition for attorneys' fees is denied.