**Daniel PETRECCA and Joyce
Petrecca, Appellees**

v.

**ALLSTATE INSURANCE COMPANY,
Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 31, 2002.

Filed April 10, 2002.

Robert G. LaBar, Morrisville, for appellant.

Jonathan Wheeler, Philadelphia, for appellees.

Before: JOHNSON, MUSMANNO, and BROSKY, JJ.

JOHNSON, J.:

¶ 1 Allstate Insurance Company (Allstate) appeals from the judgment entered following the trial court's denial of Allstate's post-trial motions in a case involving breach of insurance contract and bad faith claims. Allstate contends that the trial court erred in denying its right to a jury trial on the breach of contract claim. Allstate also contends that the trial court erred in denying its motion for a directed verdict, that the verdict was against the weight of the evidence, and that the award of damages was excessive. We conclude that the trial court erred in denying Allstate's request for a jury trial and therefore, that the trial court erred in denying Allstate's motion for a new trial. We re-verse the judgment and remand for a new trial.

¶ 2 Daniel and Joyce Petrecca owned a home in Langhorne, Pennsylvania that was insured under an Allstate homeowner's policy. On October 18, 1998, Mrs. Petrecca claims she returned to her home to discover part of her kitchen ceiling collapsed, water on the kitchen floor and debris everywhere in her kitchen. The Petreccas contacted Property Adjustment Corporation (PAC) to assist in the adjustment of their insurance claim with Allstate, for which PAC would receive thirty percent of the claim recovered.

¶ 3 Keith Kaufmann of PAC inspected the Petreccas' house and estimated $20,860.13 for repairs to the kitchen, the bathroom directly above the kitchen, and the foyer. Kaufmann observed a water trail leading to the second floor bathroom.

¶ 4 After contacting Allstate but prior to Allstate inspecting the damage, PAC hired Joseph Eisenmann, a plumber, who suggested the replacement of the waste and overflow assembly in the bathtub. While Eisenmann was replacing the waste assembly, the tub cracked, and therefore, Eisenmann replaced the tub and tub surround.

¶ 5 After PAC cancelled two scheduled inspections, Allstate's adjuster, Michael Trump, inspected and photographed the Petreccas' house on November 16, 1998. At the time of the inspection, the tub had been removed and the drywall had been discarded. Mr. Trump testified that he explained to PAC that the claim was compromised because there was no evidence or photographs of the original damage. Trump hired William Furino, a master plumber, to provide an opinion regarding the claim. Furino testified that, without the actual waste assembly and the drywall, he was unable to determine the cause of the damage. Allstate denied the claim on

December 28, 1998 in a letter that merely quoted a large section of the policy rather than specifying the reasons for the denial. PAC denies that Trump ever specified Allstate's need to see evidence of the damage.

¶ 6 In October 1999, the Petreccas filed a complaint against Allstate claiming breach of contract and statutory bad faith under Actions on Insurance Policies, 42 Pa.C.S. Section 8371. The Petreccas sought monetary damages for both counts. In November 1999, Allstate requested a jury trial. The case proceeded to arbitration in June 2000, which resulted in a verdict in favor of the Petreccas. Allstate appealed and filed a second request for a jury trial and paid the required jury fee. The trial court denied Allstate's jury trial request.

¶ 7 After a two-day bench trial, the trial court entered a verdict in favor of the Petreccas for $12,091.00 plus interest of $1,753.19 for the breach of contract claim, $4,231.00 in counsel fees for the bad faith claim and $36,273.00 in punitive damages for the bad faith claim. Allstate timely filed post-trial motions, which the trial court denied.

¶ 8 Allstate presents the following issues for our review:

1. Whether the trial court erred in failing to grant [Allstate's] demand for a jury trial on the cause of action for breach of an insurance contract?

2. Whether the trial court erred in failing to grant [Allstate's] motion for a new trial where the verdict was contrary to and against the clear weight of the evidence at trial?

3. Whether the trial court erred in failing to grant [Allstate's] motion for a directed verdict?

4. Whether the trial court erred in awarding damages, which were excessive and against the weight of the evidence?

5. Whether the trial court erred in failing to grant [Allstate's] post-trial motions for a new trial?

Brief for Appellant at 4.

¶ 9 As we remand for a new trial based on the trial court's error in denying Allstate's request for a jury trial on the breach of contract claim, we will not address the merits of Allstate's other questions.

■ ¶ 10 We will reverse a trial court's decision to deny a motion for a new trial only if the trial court abused its discretion. See *Harman v. Borah*, 562 Pa. 455, 756 A.2d 1116, 1121–1122 (2000). We must review the court's alleged mistake and determine whether the court erred and, if so, whether the error resulted in prejudice necessitating a new trial. See *id.* at 1122–1123. If the alleged mistake concerned an error of law, we will scrutinize for legal error. See *id.* at 1123. Once we determine whether an error occurred, we must then determine whether the trial court abused its discretion in ruling on the request for a new trial. See *id.* "An abuse of discretion exists when the trial court has rendered a judgment that is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias, or ill will." *Id.* at 1123.

¶ 11 Allstate contends that the trial court erred in denying Allstate's request for a jury trial. Brief for Appellant at 12. The trial court concluded that because Section 8371, the bad faith statute, does not provide a right to a jury trial, the Petrecca's case was an action in equity, which thus prevented a jury trial on the contract claim. Trial Court Opinion, 7/9/01, at 8–9. The trial court further stated, without explanation, that the defendant would suffer extreme prejudice if the jury heard both

claims. Trial Court Opinion, 7/9/01, at 5–6. The trial court also concluded that the Petreccas misjoined the two actions when they requested both legal and equitable relief in the same complaint because the trial court claimed that an action at law cannot be joined with an action at equity. Trial Court Opinion, 7/9/01, at 8. The trial court then concluded that Allstate waived the misjoinder issue when it did not object to the misjoinder in its preliminary objections. Trial Court Opinion, 7/9/01, at 8.

■ ¶ 12 Allstate asserts that the Petrecca's bad faith claim under Section 8371 is not an action in equity because the Petreccas requested monetary damages and because Section 8371 provides an adequate remedy at law. Brief for Appellant at 16. Allstate also contests the trial court's conclusion that the counts were misjoined. Brief for Appellant at 20. If there was no misjoinder, according to Allstate, then Allstate did not waive its claim by failing to object to the misjoinder. Brief for Appellant at 20. Allstate suggests that the proper trial procedure would require the trial court and the jury to hear all the testimony. The jury would then decide the contract claim and the judge would decide the bad faith claim. Brief for Appellant at 20. We conclude that Allstate was entitled to a jury trial on the contract claim.

¶ 13 Article I, Section Six of the Pennsylvania Constitution guarantees the right to a jury trial in all matters in which a right to a jury trial was recognized at the time the Constitution was written or later granted by statute. *See Mishoe v. Erie Ins. Co.,* 762 A.2d 369 (Pa.Super.2000), appeal granted, 566 Pa. 666, 782 A.2d 547 (2001). It is axiomatic that the right to a jury trial applies to breach of contract claims requesting only monetary damages. *See e.g. Birth Center v. The St. Paul Companies, Inc.,* 787 A.2d 376, 382–384 (Pa.

2001) (affirming breach of contract claim tried by jury). In *Mishoe,* this Court recently concluded that there is no right to a jury trial for claims brought pursuant to Section 8371. *See id.* The statute in question is set forth as follows:

**§ 8371. Actions on insurance policies**

■ In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:

(1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.

(2) Award punitive damages against the insurer.

(3) Assess court costs and attorney fees against the insurer.

42 Pa.C.S. § 8371. Bad faith must be proven by clear and convincing evidence. *Terletsky v. Prudential Property & Casualty Ins. Co.,* 437 Pa.Super. 108, 649 A.2d 680, 688 (1994). "Finally, to recover under a claim of bad faith, the plaintiff must show that the defendant did not have a reasonable basis for denying benefits under the policy and that defendant knew or recklessly disregarded its lack of reasonable basis in denying the claim." *Id.*

¶ 14 The trial court analogized the Section 8371 claim to claims sounding in equity, for which the right to a jury trial also does not apply. Trial Court Opinion, 7/9/01, at 8–9. The trial court then concluded that because equity actions continue until all issues are resolved, the court's analogous jurisdiction under Section 8371 should extend to the contract law claim. Trial Court Opinion, 7/9/01, at 8–9. We disagree with the court's application of equitable principals to the claims in this case.

■ ¶ 15 The equity jurisdiction of Pennsylvania courts is triggered only when an adequate remedy is not available at law. *See Peitzman v. Seidman,* 285 Pa.Super. 228, 427 A.2d 196, 198 (1981). Section 8371 provides an adequate remedy at law by providing for interest, punitive damages, court costs and attorneys' fees. We conclude that the trial court erred in concluding that Section 8371 provides equitable jurisdiction. Therefore, as Section 8371 is not analogous to equity claims, the fact that there is no right to a jury under 8371 has no effect on the right to a jury trial for the breach of contract claim. We conclude that the trial court erred in denying Allstate's right to a jury trial on the breach of contract claim and remand for a new trial. As the damages resulting from the Section 8371 claim were exactly three times the breach of contract damages, and so appear to be an application of treble damages, we conclude that the trial court should reevaluate the bad faith damages following the jury's verdict on the breach of contract claim. Allstate's questions regarding the motion for a directed verdict, the weight of the evidence and excessive damages are irrelevant in light of our decision to remand. Accordingly we will not address the merits of those issues.

¶ 16 Judgment **REVERSED.** Case **REMANDED** for a new trial. Jurisdiction **RELINQUISHED.**

¶ 17 Judge MUSMANNO filed a concurring and dissenting statement.

MUSMANNO, J., concurring and dissenting:

¶ 1 I agree with my colleagues in the majority that the Petreccas' breach of contract claim should be remanded to the trial court for a jury trial. In light of this

Court's decision in *Mishoe v. Erie Ins. Co.,* 762 A.2d 369 (Pa.Super.2000), which held that there is no right to a jury trial for claims brought pursuant to 42 Pa.C.S.A. § 8371,[1] I see no reason to re-try the Petreccas' bad faith claim as the learned trial court has aptly decided that claim.

---

1. We are aware that the Pennsylvania Supreme Court has granted allowance of appeal in *Mishoe. See Mishoe,* 566 Pa. 666, 782 A.2d 547 (2001).